## COMMONWEALTH v. JAMES E. MYERS.

PETITION OF DEFENDANT TO BE ADMITTED TO BAIL, PENDING
AN APPEAL FROM THE COURT OF OYER AND TERMINER OF
ALLEGHENY COUNTY.

Refused January 5, 1891—Re-hearing refused January 19, 1891.
[To be reported.]

1. While an appeal from a conviction and sentence for a felony triable
exclusively in the Court of Oyer and Terminer, is a matter of right, un-
der the act of May 19, 1874, P. L. 219, and no longer requires an allo-
catur, the admission of the defendant to bail, pending the appeal, is not
a matter of right, or of course, even though the offence be bailable.
2. Such admission to bail rests in the sound discretion of the Supreme
Court, or of a justice thereof, to be exercised with care and a full knowl-
edge of the facts and with reference to the merits of the case; where-
fore, for information as to the merits, it is essential that the application
be accompanied by a copy of the record, the bill of exceptions, and the
assignments of error.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 43 October Term 1891, Sup. Ct.; court below, No. 22
June Term 1890, O. & T.

James E. Myers having been indicted and tried for the mur-
der of Margaret Douglass, in the Court of Oyer and Terminer of
Allegheny county, was convicted by the jury of murder in the
second degree, and on December 20, 1890, was sentenced by
the court to imprisonment in the Western Penitentiary for the
period of eight years and three months.　Thereupon the defend-
ant, having entered an appeal to the Supreme Court, presented
a petition, addressed to Mr. Justice CLARK, which averred the
petitioner's indictment, trial, conviction and sentence, and the
appeal taken by him therefrom; "that error was committed
in the trial of said cause by the court trying the same;" that
the appeal was taken for the purpose of obtaining relief from
such error, and that the petitioner had not yet been removed
to the penitentiary, but was in confinement in the jail of Alle-

gheny county; praying that the petitioner be admitted to bail pending the appeal.

Upon this petition the Supreme Court made the following order:

PER CURIAM:

January 5, 1891. No reason appearing why the petitioner should be admitted to bail, the prayer of the within petition is

Refused.

Subsequently, *Mr. W. D. Moore*, for the appellant, filed a motion for a re-consideration of the foregoing order, for the following reasons:

1. That counsel was not aware, until said order was made, that it was necessary to assign causes for admitting a defendant to bail, in a bailable case, pending an appeal to the Supreme Court.

2. That the petition of the appellant is an exact copy of similar petitions filed in the cases of Bowser v. Commonwealth, Weston v. Commonwealth, and McClain v. Commonwealth, upon which orders were made admitting to bail, and therefore it is according to the practice of this court.

3. That the reasons assigned in arrest of judgment are legal reasons, upon which the defendant has a right to be heard on his appeal, and for such hearing he cannot properly prepare whilst in prison.

4. That the appellant is the possessor of property and other interests in Allegheny county, amounting to about $79,000, requiring his attention, and if not allowed his release until the regular term of the Court for the Western District, he must suffer well nigh irreparable loss.

—The motion prayed, further, for leave to file affidavits in in support of the reasons assigned, and for a hearing.

OPINION, Mr. CHIEF JUSTICE PAXSON:

The petitioner was convicted in the Oyer and Terminer of Allegheny county of the crime of murder in the second degree. He has entered an appeal to this court, and now asks us to admit him to bail pending said appeal. His application was denied on the first day of the present term, upon the ground that no sufficient cause appeared why we should grant it. We have now a petition on the part of his counsel asking to be heard

upon the motion.   As there is evidently a misapprehension in regard to the practice in such cases, it seems proper that we should indicate it.

The appeal is a substitute for the writ of error provided by the act of May 19, 1874, P. L. 219.   That act gives a writ of error as a matter of right in all the high felonies triable exclusively in the Oyer and Terminer, and provides for the sealing of a bill of exceptions as in civil cases: " In capital offences a writ of error or certiorari shall stay execution of sentence.   In all other cases such writs shall not stay or delay execution of sentence or judgment, without the special order of the Supreme Court, or a justice thereof, for that purpose; and in case of such order, the said Supreme Court, or justice, may make such order as the case requires for the custody of the defendant, or for admission to bail."

It will be seen from the foregoing language, which we quote from the act, that while the appeal is a matter of right, and no longer requires an allocatur from this court, or one of the justices, the matter of bail pending such appeal stands upon an entirely different footing.   That is not a matter of right, but rests in the discretion of this court or one of the justices thereof.   The discretion is a sound one, to be exercised with care and a full knowledge of the facts.   It would not be a sound or wise use of such power to admit a prisoner convicted of a high felony to bail, merely because he has taken an appeal.   Such appeal, being of right, may have been taken where there is no merit in the case, and for the mere purpose of delay.   It would be a disastrous interference with the proper administration of justice were all such criminals to be admitted to bail as a matter of right after conviction.   The act in question does not contemplate any such result.   It follows, that when we are asked to stay the execution of the sentence or judgment of the court below, we must have something before us from which we can form at least some idea of the merits of the case.   When called upon to grant an allocatur in a criminal case, we require a copy of the record, with the bill of exceptions and assignments of error.   If these disclose error, or a fairly debatable question, our practice is to allow an appeal, and, as a general rule, we admit the party to bail pending the appeal.   The same requisites are necessary where the application is merely to ad-

Opinion of the Court.

mit a prisoner to bail. We must examine the record and the assignments of error to see if there is any merit in the case. If there is none, we would not be justified in suspending the sentence pending the appeal.

> The application for a hearing upon this motion is denied; with leave, however, to renew the motion when we are furnished with a copy of the record, bill of exceptions, and assignments of error.