CHAMPIE H. SHAMBLIN

*v.*

HONORABLE JUDGE JOHN HEY *and* WEST VIRGINIA BOARD OF

PROBATION AND PAROLE *and* WILLIAM WHYTE, *etc.*

(No. 14540)

Decided July 12, 1979.

*Robert L. White* for petitioner.

*Chauncey H. Browning*, Attorney General, *Joseph C. Cometti*, Assistant Attorney General, for respondents.

NEELY, JUSTICE:

The sole question presented in this summary petition for bail is whether a circuit court has jurisdiction to award bail to a convicted, incarcerated felon pending a post conviction habeas corpus proceeding after the writ has been issued but before determination of the merits. The Circuit Court of Kanawha County held that since the petitioner was under conviction for a felony and there was no direct statutory authority under *W. Va. Code*, 53-4A-1 [1967] *et seq.*, (the post conviction habeas corpus statute) for the granting of bail pending a post conviction habeas corpus proceeding, that the circuit court lacked jurisdiction to award bail. We reverse.

I

While *W. Va. Code*, 53-4A-1, *et seq.*, which is the statutory codification of the habeas corpus post conviction review procedure, does not specifically provide for the granting of bail in post conviction cases, the original habeas corpus article upon which the law developed originally for post conviction review before the new 1967 Act does provide for bail. *W. Va. Code*, 53-4-7 [1923] provides specifically:

> The court or judge before whom the petitioner is brought, after hearing the matter both upon the return and any other evidence, shall either discharge or remand him, or admit him to bail, as may be proper, and adjudge the costs of the proceedings, including the charge for transporting the prisoner, to be paid as shall seem to be right.

While this old *Code* section appears to envisage the granting of bail only after a full hearing, this Court has consistently interpreted the statute as giving the court which grants the writ, or the court before whom the writ is returnable, the power to admit the petitioner to bail pending final adjudication. In the case of *Ex Parte Eastham*, 43 W. Va. 637, 27 S.E. 896 (1897), Judge Brannon interpreted the predecessor of *W. Va. Code*, 53-4-7 [1923] which was Chapter 111, Section 6 *Code of West*

*Virginia* [1868], as authorizing the West Virginia Supreme Court of Appeals to grant bail in habeas corpus. In the case of *In re: Eplin,* 132 W. Va. 610, 53 S.E.2d 614 (1949) the Court held that where it was clear that a petitioner's original plea of guilty was fraudulently induced so that he would be entitled to a writ of habeas corpus at the next term of the intermediate court invalidating his plea, the Supreme Court could admit him to bail until the next term of the intermediate court at which time he could seek a writ of habeas corpus to set his plea aside. There has been a split in the federal judiciary as to whether this power existed in the Federal courts in habeas corpus proceedings but almost all of the cases since about 1955 reflect the belief that Federal courts have the power to grant bail in post conviction proceedings. *Woodcock v. Donnelly,* 470 F.2d 93 (1st Cir. 1972); *Johnston v. Marsh,* 227 F.2d 528 (3rd Cir. 1955); *See also Hensley v. Municipal Court, San Jose—Milpitas Judicial District,* 411 U.S. 345 (1973); *Farr v. Pitchess,* 409 U.S. 1243 (1973). Similarly a large number of state courts conclude that this power exists. *Drury v. Burr,* 107 Ariz. 124, 483 P.2d 539 (1971); *Rose v. Nickeson,* 29 Conn. Supp. 81, 271 A.2d 855 (1970); *Mozorosky v. Hurlburt,* 106 Or. 274, 198 P.556 211 P.893 (1921), Annot., 56 A.L.R.2d 668 (1957).

## II

In light of these authorities we hold that the Circuit Court of Kanawha County was in error when it held that it did not have jurisdication to award bail pending final disposition of a writ of habeas corpus. This is not, however, to indicate that bail should be granted as a matter of course in all post conviction habeas corpus proceedings. In fact, the exact opposite is the case. Since the enlargement of post conviction habeas corpus review, *see Call v. McKenzie,* ____ W. Va. ____, 220 S.E.2d 665 (1975) it has been generally recognized that all convicted felons are entitled, as a matter of right, to one post conviction habeas corpus proceeding (during which they must raise all issues known to them or which

with reasonable diligence could be known to them) in order to assure that no violation of their due process rights could have escaped the attention of either the trial court or the Supreme Court of Appeals. At the post conviction review stage, however, there is not even that lingering scintilla of a presumption of innocence which under more modern reasoning attends the defendant as he wends his way through the formal appeal process. While this Court has stated that for offenses not punishable by life imprisonment a convicted felon is entitled to reasonable bail pending *appeal, Conely V. Dingess,* \_\_\_\_ W. Va. \_\_\_\_, 250 S.E.2d 136 (1978), that same rule does not apply in post conviction habeas corpus.

There are, however, egregious factual situations in which it may become so obvious to the trial court that the petitioner will ultimately prevail on the merits of his habeas corpus proceeding that it would be manifestly unjust for him to continue to serve one more day of incarceration as the result of a conviction which made a mockery of justice. While the mechanics of a formal hearing may be such that an orderly disposition of the case cannot occur in less than several weeks or even several months, where it is obvious to the trial court that an injustice has probably been done, there is no impediment to releasing the petitioner pending final formal disposition of his petition. In light, however, of the pervasive and exhaustive use of post conviction habeas corpus to litigate and relitigate issues which have already been determined, this Court would adamantly point out that bail pending the outcome of a post conviction habeas corpus proceeding is within the sound discretion of the trial judge and that under ordinary circumstances that discretion is well informed to deny bail in the absence of extraordinary circumstances. At some point in our criminal procedure, which in these times lasts as long as the defendant is incarcerated, the presumption of innocence must come to an end.

In the case before us the petitioner did not set forth any facts which would permit us to determine whether

the trial court would have abused its discretion in denying bail to petitioner in this case. The issue which we have decided is not whether the petitioner should be admitted to bail, but merely whether the circuit court has jurisdiction under appropriate circumstances to admit the petitioner to bail. Accordingly, as this case arose on a summary petition for bail, it is ordered that the Circuit Court of Kanawha County proceed promptly to set a date for hearing upon petitioner's motion for bond and to hear and determine the same.

*Remanded.*