530 A.2d 1351

**COMMONWEALTH of Pennsylvania**

v.

**John Theodore BONAPARTE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 15, 1986.

Filed Sept. 3, 1987.

John T. Bonaparte, in propria persona.

John S. Kennedy, York, for Com., appellee.

Before CAVANAUGH, MONTEMURO and KELLY, JJ.

KELLY, Judge:

Appellant, John Theodore Bonaparte, appeals from an order denying his motion for bail pending disposition of various petitions filed pursuant to the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. § 9541 *et seq.* [1] Although we

---

1. Review of an order denying bail prior to sentence or pending direct appeal is governed by Pa.R.A.P. 1762, Pa.R.A.P. 1502, Pa.R.A.P. 1503,

find that disposition of such motions is governed by Pa.R. Crim.P. 1506(2) rather than Pa.R.Crim.P. 4010, which was relied upon by the trial court, we nonetheless affirm.

On October 29, 1984, appellant was arrested and charged with: two counts of corruption of minors, 18 Pa.C.S.A. § 3125; two counts of prostitution and related offenses, 18 Pa.C.S.A. § 5902; one count of possession of marijuana with intent to deliver, 35 P.S. § 78–113(30); and one count of possession of marijuana, 35 P.S. § 78–113(31). On June 28, 1985, appellant entered an open plea to two counts of prostitution and related offenses and one count of possession of marijuana pursuant to a negotiated plea bargain. The remaining charges were *nol prossed.* On August 23, 1985, appellant was sentenced to two consecutive terms of three to six years on the prostitution and related offenses convictions and a concurrent term of twelve months probation on the possession of marijuana conviction. No timely motion to modify sentence or timely notice of appeal was filed. However, beginning August 29, 1985, appellant filed

and Pa.R.Crim.P. 4001–17. *See Commonwealth v. Cabeza,* 489 Pa. 142, 142 n. 2, 413 A.2d 1054, 1555 n. 2 '(1980); *Commonwealth v. Heiser,* 330 Pa.Super. 70, 71 n. 1, 478 A.2d 1355, 1356 n. 1 (1984). The instant case, however, involves an appeal from an order denying bail pending determination of the merits of a PCHA petition which does not fall within the ambit of the above rules.

Nonetheless, we find that the order is an appealable interlocutory order under the three prong *Cohen* test which has been adopted in this Commonwealth. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); *Fried v. Fried,* 509 Pa. 89, 94, 501 A.2d 211, 214 (1985); *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978); *Fidelity Bank v. Duden,* 361 Pa.Super. 124, 127, 521 A.2d 958, 960 (1987) (*en banc*). A request for bail pending disposition of a PCHA petition is separate from and collateral to the determination of the merits of the petition; the right to bail in such cases is too important a right to be denied review; and the right would clearly be irreparably lost if appeal were postponed until disposition of the PCHA petition. We note that our Supreme Court has granted review on the merits of an appeal from an order denying bail pending determination of the merits of a PCHA petition without discussing the appealability of the order. *Commonwealth v. Keller,* 433 Pa. 20, 248 A.2d 855 (1969). We note further that the trial court retains jurisdiction to dispose of the PCHA petition while an appeal from an order denying bail is pending unless a specific order directing otherwise is entered by the trial or appellate court. Pa.R.A.P. 1701(c & d).

a series of counselled and *pro se* motions and petitions. The instant appeal involves only the court's July 15, 1986 denial of appellant's June 18, 1986 *pro se* petition for bail during the pendency of proceedings on his various PCHA petitions.

Review of appellant's inarticulate *pro se* brief reveals the following contentions: the court erred in denying the petition for bail; appellant was denied a fair hearing on his petition for bail; the court erred in failing to appoint counsel to represent appellant at a bail hearing; appellant was denied due process; and the trial judge erred in failing to recuse himself.

The trial court rejected appellant's contentions and filed a memorandum opinion which includes the following statement:

> The defendant has filed an appeal to the Superior Court of Pennsylvania from our Order of July 15, 1986, refusing to grant him bail pending the various proceedings against him. This Memorandum Opinion is filed to comply with Rule of Appellate Procedure 1925(a).
>
> As we indicated in our said Order of July 15, 1986, we are governed by Pa.R.Crim.P. 4010(b)(2)....

Trial Court Opinion at 1–2.

## I.

While we agree that this appeal lacks merit and that the order denying appellant's petition for bail should be affirmed, we cannot agree with the trial court's reasoning in reaching this result. The provisions of Pa.R.Crim.P. 4010 referred to by the trial court do not apply to the instant case; rather, motions for bail pending disposition of PCHA petitions or other collateral post-conviction proceedings are governed by Pa.R.Crim.P. 1506 and 42 Pa.C.S.A. § 9550.

However, because the standard set by the applicable rule and statute is clearly more restrictive of the court's authority to release appellant on bail than the standard set by Pa.R.Crim.P. 4010, which the trial court applied in denying the motion, we may affirm notwithstanding the trial court's

citation of the wrong rule in support of its order. "A ruling or decision of a lower court will be affirmed if it can be supported on any basis despite the lower court's assignment of a wrong reason." *Commonwealth v. Terry*, 513 Pa. 381, 404, 521 A.2d 398, 409 (1987).

## A.

Prior to conviction, in a non-capital case in Pennsylvania, an accused has a constitutional right to bail which is conditioned only upon the giving of adequate assurances that he or she will appear for trial. Pa.Const., Art. 1, sec. 14. Absent evidence that the accused will flee, the importance of the presumption of innocence, the principle that punishment should not be imposed prior to conviction, and the need to provide an accused an unhampered opportunity to prepare a defense, dictate that bail should be granted prior to trial. *See Commonwealth v. Truesdale*, 449 Pa. 325, 335–36 & n. 13, 296 A.2d 829, 834–35 & n. 13 (1972).

Following a verdict of guilt, however, a defendant has no state or federal constitutional right to bail. *See Commonwealth v. Fowler*, 451 Pa. 505, 304 A.2d 124 (1973); *Commonwealth v. Caye*, 447 Pa. 213, 290 A.2d 244 (1972); *Commonwealth v. Keller*, 433 Pa. 20, 248 A.2d 855 (1969). After conviction, and pending final disposition of all direct appeal proceedings, allowance of bail in non-capital cases is left to the discretion of the trial court. *See Commonwealth v. Keller, supra*, 248 A.2d at 856; *Commonwealth v. Meyers*, 137 Pa. 407, 409, 21 A. 246, 247 (1891). The provisions of Pa.R.Crim.P. 4010 set forth the procedural rules governing the exercise of this discretion. *See Commonwealth v. Fowler, supra*, 304 A.2d at 127 & n. 6.

■ At first glance, it would appear that Pa.R.Crim.P. 4010 was intended to govern all post-conviction motions for bail. However, upon close examination, it is apparent that its application is clearly limited to pre-sentence and direct appeal situations; Pa.R.Crim.P. 4010(B)(3) provides:

When bail is set after sentencing, the judge shall condition bail upon defendant's perfecting an appeal within the time permitted by law.

Further, the official comment to Pa.R.Crim.P. 4011 (which governs the validity of bond entered to secure bail granted under Pa.R.Crim.P. 4010) provides:

The intent of this rule is to continue the validity of the bond through all avenues of direct appeal, but to exclude state post-conviction proceedings or federal post-conviction habeas corpus proceedings or any other collateral attack.

Application of either Pa.R.Crim.P. 4010 or Pa.R.Crim.P. 4011 to motions for bail pending disposition of PCHA petitions would yield curious results—bail granted would be subject to revocation due to the failure to perfect an appeal, which is an express condition mandated by Pa.R.Crim.P. 4010(B)(3), and the bond securing bail would be invalid from the date of its entry. Although this issue has not previously been decided in Pennsylvania's appellate courts, we find that these rules were clearly not intended to apply to motions for bail pending disposition of PCHA petitions. *See Commonwealth v. Wetzel,* 88 Dauph. 250, 251–52 (Pa. Com.Pl.1967); *accord Avery v. State,* 17 Md.App. 686, 304 A.2d 856 (1973); *State v. Rose,* 88 N.J.Super. 86, 210 A.2d 793 (1965).

## B.

■ Proceedings upon PCHA petitions are governed by 42 Pa.C.S.A. §§ 9541 *et seq.* and Pa.R.Crim.P. 1501 *et seq.* With regard to the authority to release a PCHA petitioner on bail, 42 Pa.C.S.A. § 9550(a) provides:

*If the trial court finds in favor of the petitioner,* it shall order appropriate relief and issue any supplementary orders as to reassignment, retrial, *bail,* discharge, correction of sentence, or other matters which are necessary and proper.

(Emphasis added). This statute appears to restrict a trial court's authority to grant bail to cases where the PCHA petition is found to have merit.[2]

However, Pa.R.Crim.P. 1506 provides in pertinent part: *When the court grants a post-conviction hearing,* it shall:

\* \* \* \* \* \*

(2) Enter such interim order as may be necessary in the interests of justice;

\* \* \* \* \* \*

(6) Enter an order granting or denying relief; and

(7) Issue any supplementary orders appropriate to the proper disposition of the case.

(Emphasis added). We find that 42 Pa.C.S.A. § 9550(a) and Pa.R.Crim.P. 1506(2) are inconsistent to the extent that 42 Pa.C.S.A. § 9550(a) could be construed to restrict the trial court's authority under Pa.R.Crim.P. 1506(2) to release a petitioner on bail pending the disposition of his PCHA petition when the interest of justice so required. By rule of court, the Post Conviction Hearing Act, 42 Pa.C.S.A. §§ 9541 *et seq.*, is suspended "insofar as it is inconsistent with the Rules." Pa.R.Crim.P. 1507. Thus, the apparently restrictive language of 42 Pa.C.S.A. § 9550(a) notwithstanding, a PCHA petitioner may be admitted to bail pending disposition of the petition when such an order would be "necessary in the interests of justice."

It is important to note that Pa.R.Crim.P. 1506(2) did not create a new substantive right. Pa.Const. Art. V, sec. 10;

---

**2.** We note that the *habeas corpus* statute which the Post Conviction Hearing Act replaced provided:

*In ordering the writ to issue, or in awarding a rule to show cause,* the judge shall fix a date for hearing, which shall be held as promptly as may be, and may or may not order the relator to be produced at the hearing, as the circumstances may warrant, and *except when the relator is charged with a non-bailable offense or has been convicted and sentenced, the judge may in his discretion, fix bail,* in such amount as he deems appropriate for the appearance of the relator at the time and place of the hearing and may order his discharge meanwhile.

12 P.S. § 1905 (*repealed in part,* 19 P.S. §§ 1181 *et seq., repealed in toto,* 42 Pa.C.S.A. § 20002(a) (1274)). (Emphasis added).

*Commonwealth v. Fowler, supra,* 304 A.2d at 127–28. The vast majority of federal and state courts have concluded that courts have inherent power to release a petitioner on bail pending disposition of a *habeas corpus* petition as a consequence of the conferral of jurisdiction in such cases. *See Johnston v. Marsh,* 227 F.2d 528, 530–31 (3rd Cir.1955) (citing cases); *State v. Feng,* 421 A.2d 1258, 1264–65 (R.I. 1980); *Shamblin v. Hey,* 163 W.Va. 396, 256 S.E.2d 435, 437 (1979); *see also Annotation, Court's Power and Duty, Pending Determination of Habeas Corpus Proceedings on the Merits, to Admit Petitioner to Bail,* 56 A.L.R.2d 668 (1957); 56–61 A.L.R.2d Supp. 55 (1984 & 1986 supp.).[3] We agree and find that the same is true of PCHA proceedings which have replaced post-conviction *habeas corpus* proceedings. We note that we recognize a power vested in the court and not a right vested in petitioners.

## C.

We have found that a court may release a petitioner on bail pending the disposition of a PCHA petition when such an order would be necessary "in the interests of justice." Pa.R.Crim.P. 1506(2). Upon review of the well-reasoned opinions of our sister states, we conclude that such motions should only be granted in exceptional cases for compelling

---

**3.** The common law regarding the power of a court to admit a petitioner to bail pending determination of the merits of a *habeas corpus* petition was stated in *Barth v. Clise,* 79 U.S. (12 Wall.) 400, 402, 20 L.Ed. 393 (1871) as follows:

> By the common law, upon the return of a writ of *habeas corpus* and the production of the body of the party suing it out, the authority under which the original commitment took place is superceded. After that time, and until the case is finally disposed of, the safe keeping of the prisoner is entirely under the control and direction of the court to which return is made. The prisoner is detained, not under the original commitment, but under the authority of the writ of *habeas corpus.* Pending the hearing he may be bailed *de die in diem,* or be remanded to the jail from whence he came, or be committed to any other suitable place of confinement under the control of court. He may be brought before the court from time to time by its order until it is determined whether he shall be discharged or absolutely remanded.

*See also In re Kaine,* 55 U.S. (14 How.) 103, 133, 14 L.Ed. 345 (1852) (Nelson, J. dissenting; Taney, C.J. and Daniel, J., concurring).

reasons. In *Shamblin v. Hey, supra,* the West Virginia Supreme Court explained:

There are, however, egregious factual situations in which it may become so obvious to the trial court that the petitioner will ultimately prevail on the merits of his habeas corpus proceeding that it would be manifestly unjust for him to continue to serve one more day of incarceration as the result of a conviction which made a mockery of justice. While the mechanics of a formal hearing may be such that an orderly disposition of the case cannot occur in less than several weeks or even several months, where it is obvious to the trial court that an injustice has probably been done, there is no impediment to releasing the petitioner [on bail] pending final formal disposition of his petition. In light, however, of the pervasive and exhaustive use of post conviction habeas corpus to litigate and relitigate issues which have already been determined, this Court would adamantly point out that bail pending the outcome of a post-conviction habeas corpus proceeding is within the sound discretion of the trial judge and that under ordinary circumstances that discretion is well informed to deny bail in the absence of extraordinary circumstances.

256 S.E.2d at 437–38. In *State v. Avery, supra,* the Maryland court echoed the West Virginia court's concerns regarding the abuse of post-conviction proceedings:

It requires little imagination to visualize a situation in which a determined and resourceful individual could continuously present claims of newly discovered evidence and thus postpone indefinitely the time at which he would have to serve a criminal sentence. We, who have had occasion to observe closely the ingenuity displayed by persons convicted of crimes in presenting claims on post conviction [review], can readily attest to the fact that attributing such ingenuity to our hypothetical convicted person is not an exercise in fantasy.

304 A.2d at 858. Pennsylvania courts are not immune from such abuses of post-conviction proceedings. Thus, while it may be appropriate to exercise the power to admit a peti-

tioner to bail pending final formal disposition of PCHA petitions in exceptional cases, it is important that this power be exercised in a way which does not provide an inducement to ingenious convicts to redouble their pursuance of meritless petitions.

■ In the instant case, the trial court stated that it was of the opinion that the sentence was fair and that bail should be denied. It is readily apparent that had the more restrictive standard for admitting a PCHA petitioner to bail pending disposition of the PCHA petition (announced herein) been applied, bail would have been denied; there is not the slightest indication in the instant case of exceptional circumstances that would justify releasing the appellant on bail "in the interests of justice." Hence, the denial of bail was proper and should be affirmed.

## II.

■ Appellant also contends that he was denied a fair hearing on his bail petition and that the trial court erred in failing to appoint counsel to represent him at the bail hearing. We find no authority for appellant's contention that he was entitled to a hearing prior to disposition of his bail petition; it is clear that neither 42 Pa.C.S.A. § 9550 nor Pa.R.Crim.P. 1506 require such a hearing. Nor do we find any authority for the contention that the court was required to appoint counsel to present and argue the PCHA bail petition. We note, however, that it was appellant who elected to file the motion *pro se* rather than to present the motion to the court through counsel appointed by the court to represent appellant in the PCHA proceedings.[4] Hence, we find no merit in these contentions.

## III.

■ Appellant further contends that he has been denied due process. Appellant fails however to state the basis for

4. We note that the United States Supreme Court's recent decision in *Pennsylvania v. Finley,* —— U.S. ——, 107 SCt. 1990, 95 L.Ed.2d 539 (1987) indicates that there is no federal constitutional requirement that counsel be appointed in collateral post-conviction proceedings and that when counsel is afforded under state law that the extension

this claim, although it appears that he is distressed by the fact that murderers are granted bail pending direct appeal of their convictions of violent crimes while he is denied bail pending disposition of his PCHA petitions and motions to withdraw his guilty plea. As noted *supra,* a motion for bail pending disposition of PCHA petitions stands upon entirely separate grounds from motions for bail pending direct appeals. The difference in the treatment of direct appeal and PCHA bail petitions does not offend either due process or equal protection provisions of the federal constitution. *Cf. Pennsylvania v. Finley,* — U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). We find no denial of due process or violation of the equal protection clause implicated by appellant's vague, conclusory and unsupported allegations.

## IV.

■ Finally, appellant contends that the trial court erred in failing to recuse himself. Appellant argues:

> During the PCHA and Recusal hearings, Judge Buckingham assured everyone that he was impartial and fair despite the fact that he had been pictured in publications of *The Shadow* and was a member of the Prison Board, an organization which had been sued by the Appellant. (T.T. at 6–7). *The Shadow* is a scandal newspaper printed by the Appellant. While Judge Buckingham may not have been prejudiced, the law clearly states that the test is whether a reasonable inferrence [sic] can be made that prejudice existed. *Commonwealth v. Darush,* 501 Pa. 15, 459 A.2d 727 (1983).

*   *   *   *   *   *

of the right to counsel need not carry with it all of the federally mandated procedural safeguards attendant to the right to counsel on direct appeal. Specifically, the Court held that even though Pennsylvania extended to a PCHA petitioner the right to counsel, the procedures for withdrawal of representation on direct appeal set forth in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) were not mandated by the federal constitution in PCHA proceedings. What effect *Pennsylvania v. Finley, supra,* may have on Pennsylvania PCHA petitioners' rights to counsel in general, we need not decide in this case.

Thus, even though Judge Buckingham acted with complete integrity in sentencing Appellant and in hearing the PCHA petitions, the fact is irrelevant. Since it reasonably can be inferred from the facts of this case that prejudice and bias could exist, Judge Buckingham should [have] recused himself from sentencing and hearing the PCHA petitions and the bail petition.

(Appellant's Pro Se Brief at 8). We cannot agree. Neither appellant's publication of articles concerning the judge in a prison scandal newspaper nor the mere institution of a lawsuit against a Prison Board upon which the judge served raise a *reasonable* inference of potential for prejudice or bias. We find that absent some indication that the articles or the lawsuit were likely to have had a negative effect on the judge, the recusal motion was properly subject to summary rejection. *See Municipal Publications v. Common Pleas Court*, 507 Pa. 194, 489 A.2d 1286 (1985).

## CONCLUSION

Based upon the foregoing, the order denying appellant's motion for bail pending the disposition of his PCHA petitions is affirmed.

CAVANAUGH and MONTEMURO, JJ., concur in result.