**Commonwealth v. Nara**

*John A. Kopas, assistant district attorney,* for the Commonwealth.

*Mark F. Morrison,* for defendant.

FRANKS, *J.,* October 29, 1991—Before this court is defendant's request for bond pursuant to Pa.R.Crim.P. Rule 4010. After hearing, consideration of the record, including the prior bail hearing and briefs, it is our considered opinion that bail should be refused.

At the outset, the Commonwealth asserts that this is a capital case, punishable by death and that under

the Eighth Amendment of the U.S. Constitution and Article 1, section 14 of the Pennsylvania Constitution bail in a capital case is not mandated. We agree that this is a capital case. A second trial may proceed against defendant as a capital case. In *Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed. 2d 1 (1987), the U.S. Supreme Court ruled that a defendant who had pled guilty to second-degree murder pursuant to a plea agreement, but violated the terms of the agreement, was not protected by the double jeopardy clause of the Fifth Amendment of the U.S. Constitution and the state could retry the defendant for first-degree murder.

In *Commonwealth v. Tabb,* 491 Pa. 372, 421 A.2d 183 (1980) the sole issue before the Superior Court of Pennsylvania was whether the Commonwealth could try a person for first- or second-degree murder after that court had granted a new trial and had reversed the judgment of sentence of third-degree murder because of a failure during the guilty plea colloquy to adequately advise defendant of the crimes charged. In that case the court stated that because the defendant could withdraw his plea to third-degree murder, if the court rejected the plea agreement, jeopardy did not attach as to first- and second-degree murder and, therefore, the defendant could be re-tried for first- and second-degree murder.

It is our conclusion that where, as in the instant case, the trial court permitted defendant's pleas to first-degree murder to be withdrawn, and the life sentences vacated as a consequence, the Commonwealth may re-try defendant for first-degree murder. Therefore, since this is a capital case, the rules pertaining to setting bail in capital cases apply.

In reaching our conclusion to refuse bail in this capital case, we incorporate our reasoning in the opinion of

May 21, 1984, in this case wherein we refused bail. Furthermore, the court in *Commonwealth v. Bonaparte,* 366 Pa. Super. 182, 530 A.2d 1351 (1987) instructs us that bail pending disposition of a Post Conviction Relief Act petition (42 Pa.C.S. §9543) "should only be granted in exceptional cases for compelling reasons." 366 Pa. Super. at 190, 530 A.2d at 1355. We do not find this case to be an "exceptional" one or find "compelling reasons" to grant bail.

ORDER

And now, October 29, 1991, defendant's request for bail pending disposition of his appeal and or re-trial is ordered refused.