**Walter R. SIMPSON, Jr.**

v.

**George A. VOSE, Jr.**

**No. 95–328–Appeal.**

Supreme Court of Rhode Island.

Nov. 21, 1996.

Walter R. Simpson, Jr., pro se.

Michael Grant, Pawtucket, Aaron Weisman, Providence.

### ORDER

This matter came before the Supreme Court on November 8, 1996, pursuant to an order that directed the petitioner, Walter R. Simpson, Jr., to show cause why his appeal *pro se* from the denial of his application for bail pending a hearing on his motion for post-conviction relief should not be summarily denied and dismissed.

After hearing the arguments of petitioner and of counsel for defendants and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

On April 4, 1995, petitioner applied for post-conviction relief and sought review of the Department of Corrections' calculation of his "good time" credit pursuant to G.L.1956 (1993 Reenactment) § 42–56–24. On May 11, 1995, petitioner filed a motion to set bail pending the hearing on his application for post-conviction relief, which motion was denied by the trial justice and timely appealed by petitioner.

In *State v. Feng,* this Court stated that "[t]he right to bail prior to trial rests on the presumption of innocence enjoyed by the accused." 421 A.2d 1258, 1265 (R.I.1980).

> "Pending adjudication of an application for post conviction relief, however, 'there is not even that lingering scintilla of a presumption of innocence which under more modern reasoning attends the defendant as he wends his way through the formal appeal process.'" *Id.* (quoting *Shamblin v. Hey, W.Va.,* 163 W.Va. 396, 256 S.E.2d 435, 437 (1979)).

In addition, this Court has held that an applicant who requests bail must show that incarceration pending his application for post-conviction relief would be manifestly unjust. *Id.* at 1266. Even were we to assume that petitioner's calculations of his good time credits were correct, he would not be released from incarceration until January 21, 2002. Consequently, petitioner could not make a showing that incarceration pending his appeal would be manifestly unjust.

Moreover, this Court's review is limited to examining whether the trial justice abused his or her discretion in denying the motion for bail. *State v. Jacques,* 514 A.2d 1028 (R.I.1986). Because petitioner did not provide this Court with a transcript of the hearing on his motion, we are unable to review the Superior Court proceeding.

Consequently, we deny and dismiss the appeal and affirm judgment of the Superior Court to which we return the papers in this case.