COMMONWEALTH of Pennsylvania, Appellee,

v.

Nelson BISHOP, Appellant.

Superior Court of Pennsylvania.

Submitted March 3, 2003.
Filed July 22, 2003.

Nelson Bishop, appellant, pro se.

David J. Tulowitzki, Asst. Dist. Atty., Ebensburg, for Com., appellee.

BEFORE: TODD, GRACI, and KELLY, JJ.

OPINION BY GRACI, J.:

¶ 1 Appellant, Nelson Bishop ("Bishop") appealed the order of the Court of Common Pleas of Cambria County which denied Bishop's petition seeking a bail hearing and to set bond following this Court's grant of Bishop's request for PCRA relief in the form of a new trial. After careful review, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 This case originated as a result of Bishop's conviction by jury trial of murder in the third degree and aggravated assault on September 12, 1995. Bishop was sentenced to ten to twenty years' imprisonment. This Court affirmed Bishop's judgment of sentence on June 6, 1997. Bishop's direct appeals were exhausted on March 4, 1998, when the Pennsylvania Supreme Court denied Bishop's allowance of appeal. *Commonwealth v. Bishop,* 555 Pa. 686, 722 A.2d 1055 (1998).

¶ 3 Bishop filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 *et seq.* Counsel was appointed to assist Bishop with his claim and an amended PCRA petition was filed. Following a hearing, Bishop's petition was dismissed. Bishop then appealed the dismissal of his PCRA petition, and also petitioned this Court to pursue his case *pro se.* Following a hearing before the PCRA court regarding the issue of the voluntariness of Bishop's request to proceed *pro se,* Bishop's request to proceed *pro se* was granted. On March 1, 2002, this Court vacated the PCRA court's order dismissing Bishop's PCRA petition and granted Bishop's request for PCRA relief in the form of a new trial. *See Commonwealth v. Bishop,* No. 1523 WDA 2000, 799 A.2d 164 (March 1, 2002). This Court dismissed the Commonwealth's application for reargument. The Commonwealth thereafter sought allowance of appeal of our decision in the Supreme Court.

¶ 4 After this Court vacated the order of the PCRA court dismissing Bishop's PCRA petition, Bishop filed several *pro se* petitions, including a petition seeking a bail hearing and bond. The PCRA court denied the petition on August 9, 2002. Bishop filed a timely appeal. This court issued an order directing the PCRA court to file an opinion setting forth the reasons for its order denying Bishop's request for a bail hearing and bond. The PCRA court filed its opinion on March 28, 2003.

¶ 5 Bishop presents the following issue for our review:

Does this court retain jurisdiction to issue orders concerning bail, conditions of bail and the release of [Bishop] pending the Commonwealths' [sic] appeal of

this honorable courts [sic] decision on the merits of the P.C.R.A. petition? Appellant's Brief, at Appendix.[1]

## II. DISCUSSION

¶ 6 "We will review the lower court's order [denying a bail application] for an abuse of discretion and will only reverse where the trial court 'misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record show that [its] decision is a result of partiality, prejudice, bias, or ill will.'" *Commonwealth v. Dunlavey*, 805 A.2d 562, 564 (Pa.Super.2002) (citation omitted).

¶ 7 Pennsylvania Rule of Appellate Procedure 1701(a) provides:

(a) **General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasi-judicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

¶ 8 Until the unsuccessful party has exhausted all of its appellate remedies, this Court's order granting a new trial is not final. Once the time for appeals has expired, the record will be remanded to the trial court.[2] *See* Pa.R.A.P. 2572 and 2573. Upon remand, Pa.R.A.P. 1701(a) is no longer in effect. *See* Pa.R.A.P. 2591. Until our Supreme Court denied the Commonwealth's petition for allowance of appeal or affirmed this Court's decision and remanded the record, the trial court lacked jurisdiction to convene a bail hearing to consider the merits of Bishop's petition.

¶ 9 The PCRA court here was correct when, prior to our Supreme Court's denial of the Commonwealth's petition for allowance of appeal, and remand of the record, it found that pursuant to Pa.R.A.P. 1701(a) it had, "no jurisdiction to rule on [Bishop's] request until the issues on appeal are decided by the Supreme Court." Opinion, 3/28/03, at 5.

¶ 10 Bishop's argument that he should be granted bail pursuant to *Commonwealth v. Bonaparte*, 366 Pa.Super. 182, 530 A.2d 1351 (1987) (per one judge, with two judges concurring in result), is misplaced. *Bonaparte* held that a post-conviction petitioner could be admitted to bail pending disposition of his petition when necessary in the interest of justice, in certain exceptional cases, for compelling reasons. The one-judge, non-precedential opinion in *Bonaparte*, however, is clearly distinguishable from the case *sub judice*. *Bonaparte* considered the situation where a post conviction court was addressing the propriety or availability of interim relief while the court was considering a post-conviction petition. The *Bonaparte* court was not concerned with a bail application filed by an unsuccessful post-conviction petitioner who obtained relief on appeal and sought bail in the trial court before the record was remanded. The post-conviction court had jurisdiction to consider a bail application when the petitioner in *Bonaparte* filed it. The trial court here had no jurisdiction to entertain Bishop's bail request when it was filed.

¶ 11 We find that *Commonwealth v. McMaster*, 730 A.2d 524 (Pa.Super.1999) and *Dunlavey*, which were also cited by the trial court in support of its decision, are also distinguishable from the case *sub*

---

**1.** The Pennsylvania Supreme Court denied the Commonwealth's petition for allowance of appeal on April 28, 2003, *Commonwealth v. Bishop*, 822 A.2d 703 (Pa.2003) during the pendency of this appeal. Because the issue before us, regarding the right to bail pending the final disposition of a collateral appeal is capable of repetition, yet evading review, we will decide this otherwise moot case. *See In re D.A.*, 801 A.2d 614 (Pa.Super.2002).

**2.** The record in this case was remanded to the trial court on June 3, 2003.

*judice.* Just like *Bonaparte* as explained above, neither case involved this Court reversing a trial court's order denying a petition for post-conviction relief followed by an application for bail in the trial court before the record was remanded. However, if a trial court's decision is correct, we may affirm on any ground. *Commonwealth v. Thompson,* 778 A.2d 1215, 1223 n. 6 (Pa.Super.2001), *appeal denied,* 567 Pa. 725, 786 A.2d 988 (2001) (citing *Commonwealth v. Owen,* 397 Pa.Super. 507, 580 A.2d 412 (1990)).

### III.  CONCLUSION

¶ 12 As the trial court lacked jurisdiction to entertain Bishop's bail request, because the case was not yet final at the time of the request, the request was properly denied.[3]

¶ 13 Order affirmed.

3. Now that the record has been remanded to the trial court, Bishop is free to pursue his bail request there.