J-S92039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| KEVIN LEE MCGILL A/K/A FREDERICK MCGILL A/K/A DAVE THOMAS, | : | |
| Appellant | : | No. 1023 WDA 2016 |

Appeal from the Judgment of Sentence September 23, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003260-2015
CP-02-CR-0003489-2015
CP-02-CR-0003490-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| KEVIN LEE MCGILL A/K/A FREDERICK MCGILL A/K/A DAVE THOMAS, | : | |
| Appellant | : | No. 1209 WDA 2016 |

Appeal from the PCRA Order August 4, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003260-2015
CP-02-CR-0003489-2015
CP-02-CR-0003490-2015

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 21, 2017**

In these consolidated appeals, Kevin Lee McGill (Appellant) challenges

the judgments of sentence imposed following the entry of general pleas of

*Retired Senior Judge assigned to the Superior Court.

guilty at the above-captioned case numbers, as well as the lower court's August 4, 2016 order denying his substantive collateral claim and dismissing without a hearing his timely-filed amended petition for post-conviction relief. We affirm Appellant's judgment of sentence on the appeal docketed at 1023 WDA 2016 and vacate the August 4, 2016 order.

On June 29, 2015, Appellant pled guilty at all three above-captioned cases and, on September 23, 2015, he was sentenced to an aggregate term of 4½ to 9 years' incarceration. Appellant, through counsel, timely filed a motion for reconsideration of sentence, which was denied on October 9, 2015. No direct appeal was filed.

On December 14, 2015, Appellant timely filed a petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as to all three cases. Counsel was appointed and an amended petition was filed, seeking reinstatement of Appellant's direct appeal rights. This petition also raised a substantive claim of ineffective assistance of counsel (hereafter, "substantive collateral claim"). Specifically, Appellant contended that plea counsel was ineffective for failing to communicate to him a favorable plea agreement which rendered his guilty pleas involuntary. Appellant's Amended PCRA Petition, 4/5/2016, at 2 (unnumbered).

By answer dated April 18, 2016, the Commonwealth agreed to the reinstatement of Appellant's appellate rights. By order dated April 21, 2016, the PCRA court granted Appellant's petition in part and reinstated Appellant's

post-sentence and appellate rights *nunc pro tunc*. This order did not address the substantive collateral claim. On May 11, 2016, Appellant filed an amended post-sentence motion requesting modification of his sentence, which was denied on July 1, 2016. Appellant filed a notice of appeal from this decision on July 11, 2016, which was docketed at 1023 WDA 2016.

On July 28, 2016, while the appeal docketed at 1023 WDA 2016 was pending, the PCRA court issued a notice, pursuant to Pa.R.Crim.P. 907, stating that it intended to deny the substantive collateral claim and dismiss without a hearing Appellant's amended PCRA petition. Appellant filed a response to the court's notice of intent to dismiss. By order dated August 4, 2016, the PCRA court dismissed Appellant's amended PCRA petition without a hearing and denied Appellant relief on the substantive collateral claim. On August 11, 2016, Appellant filed a notice of appeal from that order, which was docketed at 1209 WDA 2016.

**1023 WDA 2016**

In this appeal, Appellant raises the following claim for our review.

Whether [Appellant's] guilty plea was involuntary, unknowing, unintelligent and entered as a result of ineffective assistance of plea counsel—in violation of Article I, Section 9 of the Pennsylvania Constitution or the Sixth and Fourteenth Amendments to the United States Constitution—where said counsel misrepresented to [Appellant] there was a plea agreement for a Justice Related Service plan?

Appellant's Brief at 5.

In the argument section of his brief, Appellant couches this issue as a claim of ineffective assistance of counsel concerning the voluntariness of Appellant's guilty plea. *Id.* at 11-14. However, procedurally, because Appellant's appellate rights were reinstated *nunc pro tunc*, the appeal docketed at 1023 WDA 2016 is a direct appeal from the judgments of sentence imposed by the lower court. Absent circumstances not present here, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). Appellant concedes he is not waiving his right to file a PCRA petition. Appellant's Brief at 11. Accordingly, to the extent that Appellant is attempting to litigate a claim of ineffective assistance of counsel, that issue is not cognizable in this direct appeal and we decline to address it.

To the extent that Appellant's issue may be construed as an argument that his guilty plea was involuntary, unknowingly, and unintelligently made, that claim was not presented to the lower court in his post-sentence motion *nunc pro tunc*, and is therefore waived.[1] *See* Pa.R.A.P. 302(a) (providing that claims may not be raised for the first time on appeal).

---

[1] In his post-sentence motion *nunc pro tunc*, Appellant requested only the following relief.

> [M]odification of sentence in the form of reduction of the aggregate sentence of incarceration (by running one or more

- 4 -

Thus, we affirm Appellant's judgments of sentence.

**1209 WDA 2016**

After reinstating Appellant's post-sentence and direct appeal rights *nunc pro tunc*, the PCRA court, by order dated August 4, 2016, dismissed without a hearing Appellant's amended PCRA petition, denied the substantive collateral claim, and noted, "This is a final appealable order. [Appellant] has a right to appeal this decision." PCRA Court Order, 8/4/2016. This appeal followed.

Pursuant to Rule of Appellate Procedure 1701, generally, "after an appeal is taken …, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701. Accordingly, once the appeal docketed at 1023 WDA 2016 was filed on July 11, 2016, the PCRA court was without jurisdiction to proceed in this case, including reviewing the merits of Appellant's substantive collateral claim. ***See e.g. Commonwealth***

---

sentences concurrent with one another or vacating one or more of said sentences), imposing a sentence of probation and/or intermediate as the [c]ourt deems appropriate, and allow [Appellant] to participate in the [Justice Related Services (JRS)] service plan described in the attached Service Plan for [Appellant] established for [Appellant] on June 22, 2015.

Appellant's Amended Post-Sentence Motion, 5/11/2016 at 3 (unnumbered).

- 5 -

*v. Bishop*, 829 A.2d 1170 (Pa. Super. 2003). As such, we vacate the PCRA court's order of August 4, 2016 for lack of jurisdiction.[2]

Based on the foregoing, we affirm Appellant's judgments of sentence at 1023 WDA 2016, and vacate the PCRA court's August 4, 2016 order. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017

---

[2] Additionally, even if the PCRA court had maintained jurisdiction over this matter, Appellant would not prevail. Contrary to the PCRA court's notation, its August 4, 2016 order addressing Appellant's substantive collateral claim was not appealable. **See Commonwealth v. Miller**, 868 A.2d 578, 580 (Pa. Super. 2005) (holding that "[b]ecause the PCRA court granted Appellant reinstatement of his appellate rights *nunc pro tunc*, its consideration of Appellant's additional issue did not result in a disposition Appellant could appeal."). Under the rationale of **Miller**, the PCRA court's ruling on Appellant's substantive collateral claim is merely advisory and the order denying Appellant relief on that issue is not an appealable disposition. **Id.** at 581. Consequently, this Court would lack jurisdiction over the appeal filed at 1209 WDA 2016, and the appeal would be quashed. **Commonwealth v. Kennedy**, 876 A.2d 939, 943 (Pa. 2005) (indicating appellate court lacks jurisdiction over non-appealable orders).