J-S09035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH PETER GUARRASI, | |
| Appellant | No. 2728 EDA 2016 |

Appeal from the Order August 30, 2016
in the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0005423-2004

BEFORE:  SHOGAN, J., STABILE, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:　　　　　　　　**FILED APRIL 04, 2017**

Appellant, Joseph Peter Guarrasi, appeals *pro se* from the trial court's August 30, 2016[1] order denying, without prejudice, his motion for return of property.  Specifically he argues that, although his appeal is pending, the trial court had jurisdiction to act on his motion.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although the court's order was dated June 24, 2016, the docket entries reflect that the order was filed on August 30, 2016.  We have amended the caption accordingly.  Furthermore, although Appellant filed his notice of appeal on July 13, 2016, before the order was entered, we will consider the notice of appeal filed after the order was entered and on the day thereof. *See* Pa.R.A.P. 905(a)(5).

On March 17, 2016, Appellant filed a motion for return of property.[2] Following a June 3, 2016 hearing on Appellant's motion, the trial court took Appellant's motion under advisement. On August 30, 2016, the court entered an opinion and order denying the motion for return of property, without prejudice, after concluding that it lacked jurisdiction in this matter because Appellant's case was currently on appeal before this Court. (**See** Order, 8/30/16, at unnumbered pages 1-2). This timely appeal followed.[3]

Preliminarily, we must consider the propriety of this appeal. The trial court determined that it lacked jurisdiction to act because Appellant's case continues to be active on appeal. (**See** Trial Court Opinion, 8/25/16, at 2). Upon review, we agree.

_____

[2] "On March 28, 2005, Appellant entered a plea of _nolo contendere_ to criminal attempt to commit homicide and pled guilty but mentally ill to charges of criminal intent to commit aggravated assault, attempt to commit kidnapping, attempt to commit unlawful restraint, attempt to commit false imprisonment, attempted burglary and criminal solicitation to promote or facilitate insurance fraud. On June 8, 2005, Appellant was sentenced to six and one-half to fifteen years' imprisonment. On July 6, 2006, we affirmed Appellant's judgment of sentence." (**Commonwealth v. Guarrasi**, 2016 WL 6778181, at *1 unpublished memorandum (Pa. Super. filed Nov. 15, 2016)). Appellant filed a timely petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, on June 29, 2007, which the PCRA court denied on October 20, 2015. On November 15, 2016, this Court affirmed the PCRA court's denial. (**See id.**). On December 13, 2016, Appellant filed a petition for allowance of appeal with our Supreme Court that remains pending.

[3] Pursuant to the court's order, Appellant filed his concise statement of errors complained of on appeal on July 28, 2016. The court entered its opinion on August 25, 2016. **See** Pa.R.A.P. 1925.

- 2 -

Pennsylvania Rule of Appellate Procedure 1701(a) provides: "[A]fter an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). "Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal . . . the appeal . . . shall operate to prevent the trial court . . . from proceeding further with only such item, claim or assessment . . . ." Pa.R.A.P. 1701(c).

Here, Appellant is currently seeking an allowance of appeal from our Supreme Court concerning this Court's affirmance of the PCRA court's denial of his petition. Until that Court decides Appellant's petition for allowance of appeal, and remands the record, the trial court lacks jurisdiction to consider the merits of Appellant's petition. **See** Pa.R.A.P. 1701(a); **see generally**, **Commonwealth v. Bishop**, 829 A.2d 1170, 1172 (Pa. Super. 2003). Furthermore, because Appellant's PCRA petition concerns the validity of his entire conviction, we conclude that this is not a case where only a particular item, claim, or assessment is involved in an appeal. **See** Pa.R.A.P. 1701(c); (**see also Commonwealth v. Guarrasi**, 3514 EDA 2015 (Pa. Super. filed Nov. 15, 2016)). Thus, we agree with the trial court that it did not have jurisdiction to act in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/4/2017</u>