J-M03002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOAH STORM SADOWSKI | : | |
| | : | |
| Petitioner | : | No. 37 WDM 2024 |

Appeal from the Order Entered April 25, 2024,
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-MD-0002169-2024

JUDGMENT ORDER PER CURIAM:                    **FILED: July 25, 2024**

Petitioner, Noah Storm Sadowski, filed a "Petition for Specialized Review Pursuant to Pa.R.A.P. 1610" ("Petition"), seeking review of the April 25, 2024 order of the Court of Common Pleas of Allegheny County, which denied Sadowski bail. Upon review, we reverse and remand to the trial court.[1]

Sadowski was charged with 32 counts, including burglary, robbery, aggravated assault, kidnapping, strangulation, conspiracy, and other related offenses.[2] A bail hearing was held on April 15, 2024. The Commonwealth presented the trial court with the affidavit of probable cause as its sole piece of evidence. The defense provided nine letters submitted on Sadowski's

---

[1] We are required to review the merits of the trial court's decision to deny bail. ***See In the Int. of N.E.M.***, 311 A.3d 1088 (Pa. 2024).

[2] Despite the heinousness of Sadowski's offenses, bail is not proscribed. ***See*** Pa. Const. art. I, § 14; Pa.R.Crim.P. 520(A). ***See also Commonwealth v. Talley***, 265 A.3d 485, 525-26 (Pa. 2021) (analyzing defendant's right to bail pursuant to Pennsylvania Constitution).

behalf, and testimony from Sadowski's witnesses. The Commonwealth presented no witnesses and declined to cross-examine Sadowski's witnesses at that time.

On April 25, 2024, the trial court reconvened the proceedings and incorporated the record from the April 15, 2024 hearing. The trial court was provided additional documents by the Commonwealth in the form of: a behavior clinic report; two photographs supplied by the alleged victim detailing her injuries; and a letter from the alleged victim that the Commonwealth read. No witnesses testified at the April 25, 2024 hearing. At the conclusion of the hearing, the trial court entered an order denying Sadowski's request for bail.

Sadowski filed the instant Petition in this Court on May 21, 2024. The Commonwealth filed a response on June 10, 2024.

This Court reviews orders denying bail for an abuse of discretion, and this Court's scope of review is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party. *See Talley*, 265 A.3d at 527; *Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003).

In *Talley*, our Supreme Court held that "an affidavit of probable cause simply is not conducive to assessing the persuasiveness of the Commonwealth's case under the [substantially more likely than not standard]." *Talley*, 265 A.3d at 527-28. Thus, the *Talley* Court concluded that the trial court erred when it denied bail solely on the affidavit of probable

cause and a proffer by the Commonwealth, as neither of these constituted legally competent evidence to satisfy the "substantially more likely than not" standard. *Id.* at 528.

In the matter *sub judice*, the trial court denied bail due to the serious nature of the charges, **the strength of the Commonwealth's case**, the potential penalties, the alleged victim's statement, and a determination that partial electronic monitoring would not ease any fear or anxiety by the alleged victim because it does nothing more than send an alert that Sadowski is presumptively not at the assigned location.

Sadowski argues that the Commonwealth failed to meet its burden because the Commonwealth did not present any testimony at the bail hearings, instead providing the Court with only a letter written by the alleged victim, a reference to the charges, and two photographs provided by the alleged victim. We agree. This Court's scope of review is limited to the record evidence from the bail hearing, and the evidence presented by the Commonwealth failed to establish it was substantially more likely than not that Sadowski presents a danger to any person and the community, which cannot be abated using any available bail conditions, especially when we remove the affidavit of probable cause from consideration, as we must. *See Talley*, 265 A.3d at 528 (merely relying on the affidavit of probable cause and a proffer of evidence is insufficient to satisfy the substantially more likely than not standard).

The Commonwealth failed to call any witnesses or cross-examine any of the defense witnesses at either bail proceeding in the trial court. Moreover, the Commonwealth did not present any evidence regarding several of the factors set forth in **Talley** and Pa.R.Crim.P. 523. Instead, similar to **Talley**, the Commonwealth attempted to satisfy its burden that it is "substantially more likely than not" that Sadowski presents a danger to the community by merely relying on the affidavit of probable cause and a written statement from the alleged victim. Thus, the trial court abused its discretion in denying Sadowski bail.

Accordingly, the matter is remanded to the trial court to enter an order granting Sadowski's motion for bail pursuant to any conditions of bail imposed as permitted by law. **See** Pa.R.Crim.P. 520–36.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/25/2024