J-M04002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
v.   :
   :
   :
   :
ETHAN N. GINDLESPERGER   :
   :
Petitioner   :   No. 44 WDM 2024

Appeal from the Order Dated May 17, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002957-2024

JUDGMENT ORDER PER CURIAM:         **FILED: September 10, 2024**

Petitioner, Ethan N. Gindlesperger, files the instant Petition for Specialized Review Pursuant to Pa.R.A.P. 1610 ("Petition"), seeking review of the May 17, 2024 order of the Allegheny County Court of Common Pleas, which denied his request to modify the orders denying him bail.  In response to a directive of this Court, the trial court filed a statement of reasons for denying bail.  The Commonwealth thereafter filed a response to the Petition.  Upon review, we vacate the May 17, 2024 order and remand for further proceedings.[1]

_____

[1] We review the merits of the court's decision pursuant to **Interest of N.E.M.**, 311 A.3d 1088 (Pa. 2024).

Petitioner was charged with multiple counts of rape, statutory sexual assault, indecent assault, and other related crimes.[2] The alleged victim (hereinafter, "the child") was well under ten years old and a family member who used to live in the same household as Petitioner. At the initial arraignment, the magisterial district court denied bail. The court of common pleas denied bail again a week later. The magisterial district court conducted a competency hearing for the child, then permitted the child to testify at the preliminary hearing.

Petitioner filed another motion to modify bail with the court of common pleas. At this bail hearing, the trial court heard testimony from the Allegheny County Pre-Trial Services, which recommended "no release." N.T. Bail Hearing, 5/9/24, at 2. Petitioner's Counsel then presented argument, contending that Petitioner lives with his family, has never been charged with a crime, and that either non-monetary bail with a no-contact order or electronic home monitoring with a no-contact order would suffice. Counsel added that the Commonwealth, when opposing bail, could rely only on legally competent evidence and therefore could not rely on hearsay. The Commonwealth proceeded to argue for continued denial of bail, citing the child's age, her detailed account of the incidents to investigators and in her preliminary-hearing testimony, and the opposition to denial of bail by the

---

[2] Bail is not automatically proscribed, despite the heinousness of the charges. **See** PA. CONST. art. I, § 14; Pa.R.Crim.P. 520(A); **see also Commonwealth v. Talley**, 265 A.3d 485, 525-26 (Pa. 2021) (analyzing defendant's right to bail pursuant to Pennsylvania Constitution).

child's mother, who the Commonwealth stated wished to testify via Microsoft Teams but did not actually appear at the hearing. The only evidence introduced by either party was the Commonwealth's proffer of a prior police report investigating allegations that Petitioner sexually assaulted another cousin.[3] The Commonwealth admitted Petitioner was not charged with that crime. Petitioner objected, but the trial court overruled the objection. Neither party presented witnesses for testimony.[4] The court deferred a ruling, then denied Petitioner's motion to modify bail. This timely Petition followed.

This Court reviews orders denying bail for an abuse of discretion, and this Court's scope of review is limited to the record evidence adduced at the bail hearing and the findings of the trial court, reviewed in the light most favorable to the Commonwealth as the prevailing party. *Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021); *Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003). In assessing whether the Commonwealth has met its burden for opposing bail, the trial court must rely only on legally competent evidence. *See Talley*, 265 A.3d at 527-28 (holding that affidavit of probable cause and proffer by Commonwealth, by themselves, did not constitute legally competent evidence to satisfy Commonwealth's burden); Pa.R.Crim.P. 523(A) (listing release criteria).

---

[3] The Commonwealth alludes to the possibility of having submitted the mother's request in writing, but there is no indication as to the contents of this submission other than her request for Petitioner to remain incarcerated.

[4] As discussed *infra*, the representative from Allegheny County Pre-Trial Services provided no substantive testimony to support the request that bail be denied.

In the instant matter, the Commonwealth presented no evidence, other than a police report that resulted in no charges, to support its opposition to bail. The testimony of Pre-Trial Services merely recited the charges, the magisterial court's initial reason for denying bail, and the results of Petitioner's competency evaluation, and did not state any other reason for recommending "no release." No notes of testimony were introduced at the hearing, and no witnesses testified. The only legally competent evidence, therefore, was the child's age, the seriousness of the charges, the potentially lengthy sentence upon conviction, and Petitioner's familial relationship with the child. The totality of the competent evidence fails to meet the *Talley* standard for denying bail, and we are constrained to vacate the court's order. Upon remand, the trial court shall reassess Petitioner's request for modification of bail pursuant to *Talley*.

Order **VACATED**. Case **REMANDED** with instructions. Jurisdiction **RELINQUISHED**.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/10/2024