J-S63026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM OLIVER | : | |
| | : | |
| Appellant | : | No. 3646 EDA 2018 |

Appeal from the PCRA Order Entered November 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1003111-2004

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                **FILED DECEMBER 10, 2019**

Kareem Oliver (Appellant) appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  For the following reasons, we remand with instructions.

The facts underlying Appellant's convictions are not necessary to our disposition.  Following a bench trial, Appellant was found guilty of, *inter alia*, third-degree murder[1] and sentenced to an aggregate term of 30 to 60 years of imprisonment.  On November 29, 2010, this Court affirmed Appellant's judgment of sentence.  **Commonwealth v. Oliver**, 1460 EDA 2009 (Pa. Super. 2010) (unpublished memorandum).  On April 11, 2011, Appellant filed a *pro se* PCRA petition requesting the reinstatement of his right to file a *nunc*

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

*pro tunc* petition for allowance of appeal with the Pennsylvania Supreme Court. The PCRA court granted Appellant's request, and on July 17, 2015, our Supreme Court denied his petition. ***Commonwealth v. Oliver***, 93 EAL 2015 (Pa. July 17, 2015). Accordingly, Appellant's judgment of sentence became final on October 15, 2015. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13.

On August 31, 2015, Appellant filed a second timely *pro se* PCRA petition. Counsel was appointed, but subsequently filed a ***Turner***/***Finley***[2] no-merit letter. Although there is no order in the record indicating that Counsel was permitted to withdraw, substitute counsel, Attorney George Henry Newman, Esq., filed an amended PCRA petition on Appellant's behalf on October 10, 2017. After several continuances, the PCRA court on June 13, 2018 issued notice of its intent to dismiss Appellant's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure; the PCRA court formally dismissed Appellant's petition on November 20, 2018. On December 13, 2018, Appellant filed a *pro se* notice of appeal with this Court. Thereafter, on January 15, 2019, Attorney Newman filed with the PCRA court a motion to withdraw as counsel, which the court granted the same day.

Before turning to the merits, we must address Appellant's *pro se* status because the PCRA court, by order dated January 15, 2019, granted Attorney Newman's request to withdraw while this appeal was pending.

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Pursuant to Pa.R.A.P. 1701, "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court or other government unit may no longer proceed further in the matter." **See Commonwealth v. Bishop**, 829 A.2d 1170 (Pa. Super. 2003) (holding the PCRA court lacked jurisdiction to entertain issues concerning bail when the Commonwealth's appeal, taken from this Court's grant of a new trial for appellant, was pending before our Supreme Court). Thus, once the notice of appeal was filed, the PCRA court lacked jurisdiction to rule on counsel's motion. If Attorney Newman wished to withdraw, his motion should have been filed with this Court.

Because the PCRA court lacked jurisdiction to entertain counsel's motion, the court's January 15, 2019 order permitting Attorney Newman to withdraw is a legal nullity, and we therefore decline to address the appeal further because Mr. Newman is still Appellant's lawyer, and Appellant is not truly *pro se*. We direct the prothonotary to furnish a copy of this memorandum to the PCRA court, the Commonwealth, Appellant and Attorney Newman; the prothonotary shall also set a new briefing schedule, in accordance with which Appellant's counsel may file either an advocate's brief or a petition to withdraw and **Turner/Finley** no-merit letter with this Court addressing the issues Appellant wishes to raise on appeal.

Case remanded with instructions. Panel Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/10/19</u>