**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES MICHAEL BECHER | : | |
| | : | |
| Petitioner | : | No. 28 WDM 2024 |

Appeal from the Order Entered March 26, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001032-2021

MEMORANDUM *PER CURIAM*:                    **FILED: September 4, 2024**

Petitioner, Charles Michael Becher, filed a "Petition for Specialized Review Pursuant to Pa.R.A.P. 1610 and Application for Expedited Consideration" ("Petition"), seeking review of the March 26, 2024 order of the Court of Common Pleas of Allegheny County ("trial court"), which granted the Commonwealth's petition to modify bail and consequently revoked Petitioner's bail.[1]  In response to a directive of this Court, the trial court filed a statement

_____

[1] Rule 1610 provides:

> Where the trial court enters an order under Pa.R.A.P. 1762(b) granting or denying release or modifying the conditions of release **before sentence**, a party may seek review of that order by filing a petition for specialized review in the appellate court that would have jurisdiction over the appeal from the judgment of sentence. A party shall file the certificate of compliance required by Pa.R.A.P. 127 with the petition for specialized review.

Pa.R.A.P. Rule 1610 (emphasis added).

of reasons for denying bail. The Commonwealth thereafter filed a response to the Petition. On August 28, 2024, Petitioner filed an emergency petition seeking expedited review of the Petition, as sentencing is scheduled for September 5, 2024. Upon review, we grant the petition for expedited review and affirm the trial court's March 26, 2024 order.

On October 22, 2021, a jury found Petitioner guilty of murder in the third degree for the shooting death of Seth McDermit. Immediately following announcement of the verdict, the trial court noted the substantial state sentence Petitioner faced and revoked his bail. In advance of sentencing, trial counsel filed a post-sentence motion alleging that the verdict was against the weight of the evidence. Thereafter, the trial court awarded Petitioner a new trial, but on grounds not asserted in the defense motion. Instead, the trial court found, *sua sponte*, that a new trial was warranted due to "blatant, inadmissible hearsay." **See Commonwealth v. Becher**, 293 A.3d 1226, 1231 (Pa.Super. 2023). The trial court reinstated Petitioner's bail, ordering that he be placed on house arrest with electronic home monitoring. A Commonwealth appeal followed. On appeal, this Court reversed the trial court's decision, explaining that the trial court abused its discretion by *sua sponte* granting Petitioner a new trial in the "interest of justice" on grounds that Petitioner recognized, but never preserved. Through current counsel, Petitioner filed a petition for allowance of appeal, which was denied on March 25, 2024. On March 26, 2024, the Commonwealth filed a Motion to

Modify/Revoke bail, requesting that Petitioner be returned to the same posture he had been after the announcement of the guilty verdict. The same day, the trial court issued an order revoking Petitioner's bail.[2]

At Counsel's request, the trial court held a hearing on April 1, 2024. At the hearing, the Commonwealth presented the testimony of the mother of the victim's child, who testified that she opposed the release of Petitioner pending sentencing. Thereafter, Counsel argued that bail was prematurely revoked because the time for Petitioner to file a motion for reconsideration with the Pennsylvania Supreme Court or to seek a writ of *certiorari* with the United States Supreme Court had not yet expired.[3] *See* N.T. Bond Hearing, 4/1/24, at 4. Alternatively, Counsel alleged that Petitioner should be entitled to bail because he had committed "absolutely no violations" during the two years he spent on electronic monitoring while the Commonwealth's appeal was pending. *Id*. at 4. The Commonwealth disputed the value of Petitioner's behavior while on electronic monitoring, as Petitioner had not been convicted of third-degree murder during that time. The circumstances had changed, as Petitioner now stood convicted of third-degree murder and facing a lengthy prison sentence, so that Petitioner now had reason to flee and posed a danger

---

[2] The original trial court judge retired while the Commonwealth's appeal was pending. Accordingly, a new trial court judge issued the order revoking Petitioner's bond and scheduling sentencing for May 6, 2024.

[3] This transcript is attached to the Petition at Appendix C.

to the community. *Id*. at 15. Ultimately, the trial court concluded the hearing by stating, "I granted the Commonwealth's motion. I'm going to stick with it. If you want to appeal me, you can appeal me. Bail's denied."[4] *Id*. at 17.

On April 8, 2024, Petitioner filed an Application for Summary Relief and for Reconsideration of the Supreme Court's March 25, 2024 order denying his petition for allowance of appeal. On April 30, 2024, the Supreme Court denied Petitioner's application for relief.

On May 6, 2024, the trial court issued its opinion regarding Petitioner's bail revocation. Therein, the trial court explained its reasons for the revocation as follows:

> The aggregate sentence [Petitioner] faces exceeds three years. The [Petitioner] was convicted of third-degree murder and faces a sentence of up to the statutory maximum of forty years. Under the standard range of the sentencing guidelines, the [Petitioner] faces a sentence in standard range of [ninety] months to 180 months employing the deadly weapon enhancement.
>
> Standing convicted of third-degree murder, the [Petitioner] poses a danger to the community and has an increased likelihood of fleeing the jurisdiction.

Trial Court Opinion, 5/6/24, at 4-5.

---

[4] The trial court did not issue a corresponding order following the April 1, 2024 hearing, instead leaving her March 26, 2024 order intact. However, the clerk of courts entered a docket entry indicating that an order had been issued denying bail. In his May 10, 2024 Reply to the Commonwealth's Answer, Counsel detailed the efforts he made to obtain a copy of the April 1, 2024 order, leading him to file the Petition late. Counsel argued that a breakdown in the operations of the lower court warranted the reinstatement of his right to file a petition for specialized review *nunc pro tunc*. Counsel repeated these arguments to the Supreme Court of Pennsylvania.

Meanwhile, on April 29, 2024, Petitioner filed the instant Petition. After arguments by both sides regarding the timeliness of the Petition, this Court initially dismissed the Petition as untimely filed. Petitioner filed a Petition for Allowance of Appeal ("PAA") with the Supreme Court of Pennsylvania. Therein, Petitioner argued that the Petition should have been deemed timely filed due to a breakdown in trial court operations. On August 28, 2024, the Supreme Court granted the PAA, vacated the dismissal order filed by this Court, and remanded the matter to this Court for review on the merits. ***See Commonwealth v. Becher***, ___ A.3d ___, 2024 WL 3963500, at *1 (Pa. Aug. 28, 2024) (*per curiam* order).

Petitioner is currently scheduled for sentencing in this matter on September 5, 2024. On August 28, 2024, Petitioner filed an "emergency application for expedited consideration and/or review notwithstanding mootness," requesting that this Court "issue a decision with all deliberate haste, prior to September 5." Emergency Application, 8/28/24, at 7. To the extent expedited review is not possible, Petitioner alleges that his issues implicate two exceptions to mootness: (1) they are capable of repetition yet evade review, as a trial court's decision to grant bail pending sentencing generally implicates a period of only ninety days; and (2) these issues are of substantial public importance, as they implicate the trial court's authority to revoke bail. ***Id***. at 8-9.

- 5 -

On April 29, 2024, Petitioner filed the instant Petition, presenting three issues for our review.

1. Did [the trial court] violate Pa.R.A.P. 1701 by proceeding in this matter notwithstanding the fact that an appeal remained, and as of this writing, remains pending?

2. Did [the trial court] violate [Petitioner's] federal and/or Pennsylvania constitutional right to due process [and] Pa.R.Crim.P. 529 by entering the March 26, 2024 order without providing him notice and an opportunity to respond?

3. Did [the trial court] violate [Petitioner's] Pennsylvania constitutional and/or rule-based rights regarding release pending sentencing where she revoked release pending sentencing apparently based solely on the fact of conviction and despite clear evidence that there are conditions that ensure that he will attend future court proceedings and is not a danger to the community?

Petition at 9.[5]

We begin with our standard of review. Generally, this Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. *See Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa.Super. 2003). Moreover, this Court's scope of review from the denial of bail is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the

---

[5] This Court reviews Petitions for Specialized Review on their merits. *See Interest of N.E.M.*, 311 A.3d 1088 (Pa. 2024) (holding that petitions for specialized review are expedited appeals and not petitions for permission to appeal).

prevailing party. ***See Commonwealth v. Talley***, 265 A.3d 485, 527 (Pa. 2021). This Court will affirm the trial court's denial of bail "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." ***Id.***

Petitioner first contends that the trial court improperly revoked his bail because, pursuant to Pa.R.A.P. 1701, the pendency of the Commonwealth's appeal from the order granting him a new trial deprived it of jurisdiction to do so. ***See*** Petition at 10. Invoking our decision in ***Bishop***, he notes that "until the unsuccessful party below has exhausted all of its appellate remedies, this . . . Court's order rejecting its position is not final." ***See id***. (cleaned up). He observes that, at the time that the trial court acted on the Commonwealth's motion to revoke his bail, the time for filing in the Pennsylvania Supreme Court a petition for reconsideration of its denial of his PAA, or to seek review in the United States Supreme Court, had not elapsed. Accordingly, Petitioner asserts that the trial court had no jurisdiction to entertain the Commonwealth's bail motion when it was filed as he had not yet exhausted his appellate remedies. ***Id***.

Rule 1701(a) provides, in pertinent part, as follows: "**Except as otherwise prescribed by these rules**, after an appeal is taken . . . the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a) (emphasis added). Rule 1762 provides an exception to Rule 1701(a)'s general rule. In particular, Rule 1762(a) states:

> **(a) Bail when an appeal is pending**--Applications relating to bail when an appeal is pending shall ordinarily first be presented to the trial court and shall be governed by the Pennsylvania Rules of Criminal Procedure. If the trial court denies relief, a party may seek relief in the appellate court by filing an application, pursuant to Pa.R.A.P. 123, ancillary to the pending appeal.

Pa.R.A.P. 1762(a). Thus, our Rules expressly provide that a trial court retains jurisdiction to make decisions about a criminal defendant's bail status despite the pendency of an appeal in a criminal case.

The **Bishop** decision upon which Petitioner relies is distinguishable. That case did not involve the court's authority to modify bail while an appeal was pending in a criminal case before the judgment of sentence became final, but rather the jurisdiction of the court to consider "a bail application filed by an unsuccessful post-conviction petitioner who obtained relief on appeal and sought bail in the trial court before the record was remanded." **Bishop**, 829 A.2d at 1172 (Pa.Super. 2003). Similarly, in **Commonwealth v. Dunlavey**, 805 A.2d 562, 565 (Pa.Super. 2002), we held that a post-conviction court had no jurisdiction to grant Dunlavey bail pending the appeal of the denial of his post-conviction petition. In doing so, we observed that "a lower court's power to set bail is valid until the defendant's direct appeal rights are exhausted." **Id**.

Here, Petitioner's direct appeal rights have not even commenced, as he has yet to be sentenced. As such, **Bishop** did not bar the trial court from considering the Commonwealth's request to modify Petitioner's bail. Instead, it had express jurisdiction to do so pursuant to Rule 1762(a).

- 8 -

In his remaining claims, Petitioner asserts that the trial court abused its discretion in revoking bail. He contends that the court erroneously did so by failing to provide him with notice and an opportunity to be heard. He further asserts that revocation was improperly based solely on the reinstatement of his conviction on appeal instead of upon relevant factors such as whether he would attend future court proceedings or be a danger to the community. Petitioner highlights that while released on bail pending the Commonwealth's appeal, he did not flee the jurisdiction or commit any infractions, and therefore he posed no threat to the community.[6] *See* Petition at 17-19.

Two of our procedural rules govern modification of bail. First, Rule 521 applies to modification **after** entry of a verdict. It provides in relevant part as follows:

> (1) When a defendant is eligible for release on bail after verdict or after sentencing pursuant to this rule, the existing bail order may be modified by a judge of the court of common pleas, upon the judge's own motion or upon motion of counsel for either party with notice to opposing counsel, in open court on the record when all parties are present.

> (2) **The decision whether to change the type of release on bail or what conditions of release to impose shall be based on the judge's evaluation of the information about the defendant as it relates to the release criteria set forth in Rule 523.** The judge shall also consider whether there is an

---

[6] For its part, the Commonwealth responds that Petitioner's behavior while the Commonwealth's appeal was pending is irrelevant because Petitioner was not at that time a convicted murderer facing a twenty-to-forty-year period of incarceration. *See* Answer at 8. Instead, it suggests that there is no basis to disrupt the trial court's determination that there is now a greater likelihood that Petitioner will flee the jurisdiction if not incarcerated.

increased likelihood of the defendant's fleeing the jurisdiction or whether the defendant is a danger to any other person or to the community or to himself or herself.

(3) The judge may change the type of release on bail, impose additional nonmonetary conditions as provided in Rule 527, or, if appropriate, impose or increase a monetary condition as provided in Rule 528.

Pa.R.Crim.P. 521(D) (emphasis added).

On the other hand, Rule 529 applies to modification of bail order **before** a verdict is entered.

**(d)** Once bail has been set or modified by a judge of the court of common pleas, it shall not be modified except

. . . .

(2) by the same judge or by another judge of the court of common pleas either at trial or after notice to the parties and a hearing.

Pa.R.Crim.P. 529(d). The comment to the rule further provides that "[i]n making a decision whether to modify a bail order, the issuing authority or judge should evaluate the information about the defendant as it relates to the release criteria in Rule 523[.]" *Id*., cmt.

As can be seen, Rules 521 and 529 both refer to Rule 523, which delineates the criteria to be considered for release of a defendant. It provides the following in pertinent part:

(A) To determine whether to release a defendant, and what conditions, if any, to impose, the bail authority shall consider all available information as that information is relevant to the defendant's appearance or nonappearance at subsequent proceedings, or compliance or noncompliance with the conditions of the bail bond, including information about:

- 10 -

(1) the nature of the offense charged and **any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty**;

(2) the defendant's employment status and history, and financial condition;

(3) the nature of the defendant's family relationships;

(4) the length and nature of the defendant's residence in the community, and any past residences;

(5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs;

(6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond;

(7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape;

(8) the defendant's prior criminal record;

(9) any use of false identification; and

(10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond

Pa.R.Crim.P. 523(A) (emphasis added).

Here, the trial court revoked bail after this Court reversed its order granting a new trial and our High Court denied Petitioner's petition for allowance of appeal. The appeal was not final at that juncture, which raises the question as to whether the modification to bail would be classified as pre- or post-verdict, and hence whether Rule 521 or 529 applies. However, we

need not resolve that dilemma, since both rules require that the trial court consider the criteria in Rule 523 identified above.

Upon review of the trial court's opinion and the parties' submissions, we conclude that the court afforded him due process, appropriately considered the different factors consistent with Rule 523 and, as a result, did not abuse its discretion in revoking Petitioner's bail. First, while the trial court initially failed to provide notice and conduct a hearing, this oversight was promptly resolved when the trial court held its April 1, 2024 hearing and issued its May 6, 2024 memorandum. Thus, he was not deprived of due process. **Cf. Talley**, 265 at 527 ("Because the trial court decided Talley's motion without considering any testimony, exhibits, or other competent evidence, its decision to deny bail was erroneous.").

Second, we discern no abuse of discretion in the trial court's ruling arising from that hearing. Since our Supreme Court declined to review this Court's ruling that Petitioner was not entitled to a new trial, there was little likelihood that Petitioner was going to avoid his conviction for third-degree murder and the extensive penalty associated therewith. **See** Pa.R.Crim.P. 523(A)(1). Moreover, in its opinion, the trial court explained that it was returning Petitioner to his post-conviction, pre-sentence status. **See** Trial Court Opinion, 5/6/24, at 3. Having the benefit of a victim impact statement requesting that Petitioner be incarcerated, evaluating Petitioner's third-degree murder conviction, and anticipating the lengthy prison sentence that would

result, it was not a manifest abuse of discretion for the trial court to conclude that Petitioner posed a risk to the community and a flight risk.

In short, the court was within its discretion to accept the Commonwealth's argument that Petitioner now presents more of a flight risk and danger to the community with a third-degree conviction that remains standing, as opposed to his prior status with the conviction vacated. Accordingly, no relief is due. Thus, we grant Petitioner's application and affirm the order revoking bail.

Application for Expedited Review granted. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

September 4, 2024