J-M05005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TARIQ LONG | : | |
| | : | |
| Petitioner | : | No. 69 WDM 2024 |

Appeal from the Order Entered August 15, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009156-2023

MEMORANDUM PER CURIAM:                    **FILED: October 22, 2024**

Petitioner, Tariq Long, filed a "Petition for Specialized Review Pursuant to Pennsylvania Rule of Appellate Procedure 1610" ("Petition"), seeking review of the August 15, 2024 order of the Court of Common Pleas of Allegheny County ("trial court"), which denied Petitioner's request for bail. ***See*** Pa.R.A.P. 1610 (providing for review of an order granting or denying release or modifying the conditions of release before sentence through a petition for specialized review); Pa.R.A.P. 1762(b) (providing that an order relating to bail when no appeal is pending shall be subject to review pursuant to Chapter 16 of the Rules of Appellate Procedure); ***Commonwealth v. Miller***, 319 A.3d 575 (Pa. Super. 2024) (applying to petitions for specialized review of bail filed under Pa.R.A.P. 1610 the rationale in ***Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024) (holding that review of the merits of a petition for specialized review

involving a juvenile out-of-home placement order is mandatory)). Upon review, we affirm the trial court's August 15, 2024 order.

Petitioner is charged with carrying a firearm without a license, fleeing or attempting to elude a police officer, possession with intent to deliver, DUI general impairment, receiving stolen property, possession of a controlled substance, evading arrest or detention on foot, accident involving damage to attended vehicle, and various summary offenses. The Municipal District Judge denied bail due to a "USMS Detainer and Probation Violation." On November 1, 2023, Petitioner appeared before the Honorable Edward J. Borkowski for a bond modification hearing. Judge Borkowski denied bail. Petitioner remained incarcerated, and following a preliminary hearing, the charges were held over for trial. Petitioner was also detained for a probation violation on CP-02-CR-0000712-2018, a case in which Appellant entered a guilty plea to one count of carrying a firearm without a license that is also before the instant trial court, the Honorable Jennifer Satler.

On January 31, 2024, Petitioner appeared before Judge Satler on a bail motion, which was denied. Appellant filed a second bail motion and on July 24, 2024, the trial court held oral argument on the motion. At the July 24, 2024 proceeding, trial counsel argued that Petitioner should be granted bail because he did not pose a danger to the community. *See* N.T. Bail Proceeding, 7/24/24, at 4-5. Counsel conceded that Petitioner had two prior convictions, one of which was a probation violation that he was currently being

detained on and an active federal case. However, Counsel argued that bail was warranted because Petitioner did not have any "failure to appears," had "a tremendous amount of family support," had a young child he had not been able to see, was employed when he was on home monitoring previously, could not qualify for any of the jail programs due to his active federal case, and had not been able to attend religious services due to staffing issues. *Id*. at 5-10. Counsel requested bail that would allow Petitioner to be released from jail so that he could be transferred to federal court, where more supervision resources would be available and any time he served would be credited towards his federal case. *Id*. at 8-9. After counsel's argument, the proceeding was continued, as the trial court was in the middle of an unrelated jury trial.

On August 15, 2024, the trial court held a second bail proceeding. At the conference, the Commonwealth argued that bail should be denied because Petitioner posed a danger to the community. In support, the Commonwealth cited Petitioner's two prior convictions, which involved firearms, and highlighted the fact that, while serving Allegheny County probation, Appellant was charged with two more firearms cases, the instant case and one in federal court. *See* N.T. Bail Proceeding, 8/15/24, at 9-11. As a result, the Commonwealth cautioned the trial court "not to reward bad behavior," maintaining that Petitioner, "by his very nature[,] his prior criminal record, two pending firearms cases, . . . defines the concept of clear and convincing

evidence that he is in fact a danger to the community." *Id*. at 13. The court also heard from Shipra Scales from Pretrial Services, who indicated that Pretrial Services' recommendation was no release due to the two previous firearm convictions and Petitioner's pending federal case. *Id*. at 14. At the conclusion of argument, the trial court denied bail. *Id*. at 20. Petitioner remains incarcerated while awaiting his October 28, 2024 trial.

On September 16, 2024, Petitioner filed the instant Petition, presenting the following issue for our review:

> Did the bail court violate Article I, Section 14 of the Pennsylvania Constitution and *Commonwealth v. Talley*, 265 A.3d 485 (Pa. 2021) in denying [Petitioner] bail where the Commonwealth failed to offer "evident" proof or establish a "great" presumption that [Petitioner] presents a danger to any person and the community, which cannot be abated using any available bail conditions?

Petition, 9/16/24, at 4-5.

This Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. *See Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003). Moreover, this Court's scope of review from the denial of bail is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party. *Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021). This Court will affirm the trial court's denial of bail "if [the

court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." ***Id***.

The right to bail, with certain exceptions, is enshrined in the Pennsylvania Constitution, Article I, Section 14, which provides in pertinent part:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or **unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great**[.]

Pa. Const. art. I, § 14 (emphasis added).

Our review is guided by Pennsylvania Rule of Criminal Procedure 523(A), which lays out the factors a trial court should consider in denying bail. The Rule 523(A) factors include: (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty; (2) the defendant's employment status and history, and financial condition; (3) the nature of the defendant's family relationships; (4) the length and nature of the defendant's residence in the community, and any past residences; (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs; (6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond; (7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape; (8) the defendant's prior criminal record;

(9) any use of false identification; and (10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond. *See* Pa.R.Crim.P. 523(A).

In ***Talley***, our Supreme Court conducted a thorough analysis of a defendant's right to bail pursuant to Article I, Section 14 of the Pennsylvania Constitution. The Court concluded:

> [A] trial court may deny bail under Article I Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: (1) committed a capital offense, (2) committed an offense that carries a maximum sentence of life imprisonment, or **(3) presents a danger to any person and the community, which cannot be abated using any available bail conditions.** That determination requires a qualitative assessment of the Commonwealth's case.

***Talley***, 265 A.3d at 525-26 (emphasis added). The Court provided a non-exhaustive list of factors a trial court should consider in denying bail that largely mirrors Pa.R.Crim.P. 523(A). They include: (1) the defendant's character, (2) relevant behavioral history or past patterns of conduct, (3) the gravity of the charged offense, (4) the conditions of bail reasonably available to the court, and (5) any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community. ***Id***. at 525. Thus, according to the Court, "[i]f the balance of the evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of credibility, it simply is not evident proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." ***Id.*** at 526.

With foregoing in mind, we address Petitioner's issue. Petitioner claims that the Commonwealth failed to offer substantive evidence at the bail hearings sufficient to show that it was substantially more likely than not that Petitioner would harm someone if released and that there was no condition of bail that could reasonably prevent him from inflicting harm. *See* Petition, 9/16/24, at 9.

Upon review of the bail proceeding transcripts, the Petition, and the trial court opinion, we conclude that the trial court appropriately considered different and relevant factors consistent with *Talley* and, as a result, did not abuse its discretion in revoking Petitioner's bail. At the proceedings, the trial court received argument from trial counsel detailing Petitioner's background, which included the extent of his familial support, the fact that he has two young children, and the nature of his employment while on home monitoring. *See* N.T. Bail Proceeding, 7/24/24, at 6-10. Counsel also informed the Court of the difficulties Petitioner faced, while incarcerated, to attend religious services and avail himself of various prison programming due to staffing shortages and his pending federal charges. *Id*.

Thereafter, the Commonwealth and Pretrial Services provided more detail regarding Petitioner's prior convictions for firearms offenses, his pending firearms charges, and the fact that he obtained the new charges while serving probation on the prior firearms charges. *See* N.T. Bail Proceeding, 8/15/24, at 9-14. In its opinion, the trial court noted that it was familiar with

Petitioner's background due to its handling of his probation violation for a prior carrying a firearm without a license conviction at CP-02-CR-0000712-2018. *See* Trial Court Opinion, 10/8/24, at 4. The trial court was troubled by the serious nature of the allegations and Pretrial Services' recommendation which, when viewed in conjunction with Petitioner's criminal record and history of violating the terms of a prior supervision, led the court to conclude that Petitioner would not abide by the restrictions of electronic monitoring, nor restrict himself from conducting illegal activities. *Id*. at 1-3. Further, Petitioner's prior requests for bail had been denied after a hearing and Petitioner faced an additional firearms charge in federal court, which was also incurred while he was serving Allegheny County probation. *Id*. at 2.

Our review of the record reveals that the trial court properly considered the record pertaining to the Rule 523(A) factors. Particularly in light of the trial court's familiarity with Petitioner, it was within the trial court's discretion to accept the Commonwealth's argument that Petitioner posed a danger to the community due to his violent criminal history, failure to comply with past supervision, Pretrial Services' recommendation, and the serious nature of the charges alleged. Accordingly, we find no abuse of discretion in the trial court's decision, and no relief is due.

Order Affirmed. Jurisdiction Relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/22/2024