J-M01002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                   :  PENNSYLVANIA
                                                   :
                   v.                     :
                                                   :
Tyree Dumas                        :
                                                   :
                Petitioner       :  No. 83 EDM 2024

Appeal from the Order Entered November 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008642-2017
CP-51-CR-0008644-2017
CP-51-CR-0008651-2017

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BECK, J.

MEMORANDUM PER CURIAM:               **FILED FEBRUARY 4, 2025**

Tyree Dumas ("Petitioner") has *pro se* filed a petition for specialized review of the trial court's November 8, 2024 denial of his presentence motion for modification of bail.  **See** Pa.R.A.P. 1610 (providing for review of an order "granting or denying release or modifying the conditions of release before sentence" via a petition for specialized review); Pa.R.A.P. 1762(b)(2) (providing that an order relating to bail when no appeal is pending shall be subject to review pursuant to Chapter 16 of the Rules of Appellate Procedure); ***Commonwealth v. Miller***, 319 A.3d 575, 580 (Pa. Super. 2024) (noting that, pursuant to ***Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024), where a petitioner meets the requirements for specialized review, this Court's review of a bail order is mandatory).  After careful independent review, we affirm the trial court's November 8, 2024 order.

In 2017, the Commonwealth charged Appellant with numerous sex offenses arising from his abuse of three minors, two of whom are Petitioner's cousins. Following his arrest, Petitioner posted a surety bond.

While awaiting trial, Appellant violated the conditions of supervision by travelling outside of Philadelphia County and to the Dominican Republic, along with several male juveniles, without notifying the court. Appellant also incurred nine additional arrests and four convictions while awaiting trial.[1] In May 2022, the Commonwealth filed a motion to revoke bail, which the trial court granted, modifying bail to secured bail with conditions that included Petitioner turning in his passport, not being permitted to leave Pennsylvania, and reporting to the trial court weekly.

On April 23, 2024, a jury convicted Petitioner of, *inter alia*, Involuntary Deviate Sexual Intercourse with a Person Less than 16 Years Old, Indecent Assault of a Person Less than 13 Years Old, Indecent Assault of a Person Less than 16 Years Old, Unlawful Contact with a Minor, and Corruption of a Minor. Following Petitioner's convictions, the trial court revoked bail. Petitioner is currently incarcerated in county prison awaiting sentencing, which has been continued to February 7, 2025.

---

[1] These include 2019 charges in Florida, where he had traveled with four juveniles, for credit card fraud theft, and 2019 and 2020 convictions of retail theft and identity theft in Delaware County and California, respectively.

- 2 -

On April 24, 2024, Petitioner filed a *pro se* motion for bail pending sentencing.[2, 3] Subsequently, on September 20, 2024, Petitioner filed a presentence motion for modification of bail. On November 8, 2024, the trial court denied Petitioner's motion after finding that Petitioner was a flight risk and had previously violated the conditions of his bail.

Petitioner then filed the instant petition for specialized relief seeking review of the trial court's order denying his presentence motion for modification of bail. Because the trial court has not yet sentenced Petitioner, he is entitled to specialized review and we, therefore, proceed to consider the court's order denying his presentence motion for modification of bail.

This Court reviews the denial of bail for an abuse of discretion where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. **Commonwealth v. Bishop**, 829 A.2d 1170, 1172 (Pa. Super. 2003). The scope of review is limited to the record evidence adduced at the bail hearing and the findings of the trial court, reviewed in the light most favorable to the Commonwealth as the prevailing party. **Commonwealth v. Talley**, 265 A.3d 485, 527 (Pa. 2021). This Court will uphold the trial court's denial of bail "[i]f the [court's] factual findings are

_____

[2] At that time, Petitioner was represented by counsel. On August 27, 2024, the trial court permitted Petitioner to proceed *pro se*.

[3] It does not appear to this Court that the trial court took any action on this motion.

supported by competent evidence of record, and the legal conclusions drawn therefrom are correct[.]" *Id.* at 527.

In *Talley*, our Supreme court conducted a thorough analysis of a defendant's right to bail pursuant to Article I, Section 14 of the Pennsylvania Constitution. The Court concluded:

> [A] trial court may deny bail . . . when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: (1) committed a capital offense; (2) committed an offense that carries a maximum sentence of life imprisonment; or (3) **presents a danger to any person and the community, which cannot be abated using any available bail conditions**. That determination requires a qualitative assessment of the Commonwealth's case.

*Id.* at 525-26 (emphasis added). The Court provided a non-exhaustive list of factors a trial court should consider in making a bail determination that largely mirrors Pa.R.Crim.P. 523(A). They include: "the defendant's character, relevant behavioral history, or past patterns of conduct; the gravity of the charged offense; the conditions of bail reasonably available to the court; and any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community." *Id.* at 525. Thus, according to the Court, "[i]f the balance of the evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of credibility, it simply is not evident proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." *Id.* at 526.

With the foregoing in mind, we address Petitioner's issue. He claims that the Commonwealth failed to offer proof that he presents a danger to any person or the community which available bail conditions cannot abate, or that Petitioner would fail to appear at future court proceedings. *See* Petition, 11/20/24, at ¶¶ 4.5, 4.29. Petitioner contends that "[t]here is no rational basis, which exist[s] anywhere or in the record for the revocation/denial of Petitioner's bail. Bail was undoubtedly denied without the application of non-arbitrary standards." *Id.* at ¶ 4.25. Petitioner asserts that the trial court did not find that he was a threat to the community or himself, was a flight risk, or that the conditions of bail would not reasonably assure his future court appearances. *Id.* at ¶¶ 4.6, 4.8-4.9, 14. He emphasizes that the bail conditions applicable to him prior to his conviction—including forfeiture of his passport and weekly court check-ins—were and remain sufficient to ensure his appearance in court. *Id.* at ¶ 4.13. The record belies these claims.

The trial court explained that it considered, *inter alia*, the following factors when ruling on Petitioner's request for pre-trial bail: (1) the seriousness of the charges of which the jury had convicted Petitioner; (2) his history of violating the terms of his bail by leaving Philadelphia County without permission; and (3) his continuing access to juveniles while awaiting trial. *See* Trial Ct. Op., 12/4/24, at 2 (unpaginated). The court concluded that, given these factors, it did "not believe there is a combination of conditions other than imprisonment that will ensure Petitioner's presence at sentencing." *Id.*

Our review of the record indicates that the trial court appropriately considered the relevant factors consistent with *Talley* and, as a result did not abuse its discretion in denying Petitioner's motion for modification of bail. In light of the trial court's familiarity with Petitioner, it was within the trial court's discretion to accept the Commonwealth's argument that Petitioner posed a danger to the community due to his repeated unauthorized and unsupervised contact with minors, failure to comply with past supervision, and the serious nature of the convictions. The court similarly properly exercised its discretion in finding that Petitioner's history of leaving Philadelphia County without authorization while on bail indicated that there was no combination of conditions other than imprisonment that would ensure he appeared for sentencing. Accordingly, we find no abuse of discretion in the trial court's decision, and no relief is due.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/4/2025

- 6 -