J-M06002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAIGE HUFNAGEL | : | |
| | : | |
| Petitioner | : | No. 70 WDM 2024 |

Appeal from the Order Entered September 17, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006028-2022

BEFORE:  SULLIVAN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: February 27, 2025**

Petitioner, Paige Hufnagel, filed a "Petition for Specialized Review" ("Petition"), seeking review of the September 17, 2024 order of the Court of Common Pleas of Allegheny County, which denied Petitioner's petition to modify bail.  Upon review, we are compelled to dismiss the Petition, as well as an "Emergency Application for Bail or Expedited Review" that Petitioner also filed with this Court, as moot.

The facts and procedural history of this case were set forth by the trial court in its October 1, 2024 "Statement of Reasons for Revocation of Bond" ("Trial Court Opinion"), as follows:

> 1. [Petitioner] was charged at the instant criminal information with multiple major serious felonies; to wit, one count of Criminal Homicide, [three] counts of Endangering Welfare of a Child [("EWOC")], and [three] counts of Recklessly Endangering Another Person [("REAP")].  These charges resulted from the death of her two[-]year[-]old son in a home which contained thousands of used stamp bags, loaded needles, and other drug

paraphernalia. [Petitioner's] surviving four[-]year[-]old child tested positive for [f]entanyl following the incident.

2. [Petitioner's] status was reviewed by the Allegheny County Pretrial Services Unit, which performs an extensive evaluation based on nationally recognized criteria[,] and [its] recommendation following [Petitioner's] arrest on June 30, 2022 was "no release." On that same date, [a] Magisterial District Judge … denied bond.

3. On February 22, 2023, the case was listed for a nonjury trial before the undersigned. At that time, the case was postponed until July 10, 2023[,] and upon defense counsel's motion, the undersigned modified [Petitioner's] bond to "non-monetary, report in person, release to inpatient treatment only, contact with children as authorized by [the Office of Children, Youth and Families] or Order of the Family Division."

4. On February 24, 2023, [Petitioner] was released to Passages to Recovery, where she remained until her release on or about May 30, 2023.

5. Following her release from Passages, [Petitioner] mostly, but not fully, complied with the requirement to report to Pretrial Services in person.

6. On December 3, 2023, [Petitioner] was arrested and charged at OTN R916612-1 with two counts of Driving Under the Influence of Alcohol or Controlled Substance [("DUI")], Possession of a Controlled Substance, Accident Involving Damage to Attended Vehicle, and several violations of the Pennsylvania Motor Vehicle Code.

7. Per the affidavit of probable cause, [Petitioner] was found unconscious at the wheel of a vehicle [that] was running and in gear, and had hit a car[,] which included minor occupants. Eight stamp bags of suspected heroin were recovered from the vehicle during the incident. [Petitioner] was revived at the scene following the administration of three doses of Narcan.

8. On December 8, 2023, Pretrial Services notified the Office of the District Attorney of the new charges.

\*\*\*

9. The second arrest was never brought to this [c]ourt's attention by Pretrial Services or the Office of the District Attorney.

- 2 -

10. On September 16, 2024, [Petitioner] entered a guilty plea to the instant case as amended to three counts of [EWOC,[1]] and to amended charges of [DUI] and Possession of a Controlled Substance at OTN R916612-1. Bond was revoked at the instant case pending a presentence investigation report.

11. **Sentencing on both cases is scheduled for December 16, 2024.**

Trial Court Opinion ("TCO"), 10/1/24, at 1-3 (unnumbered; emphasis added).

Petitioner filed a motion for modification of bail on September 16, 2024, which the trial court denied on September 17, 2024. Accordingly, she remained incarcerated in county jail awaiting sentencing.

On September 17, 2024, Petitioner filed the instant Petition under Pa.R.A.P. 1610,[2] presenting these issues for our review:

[I.] Whether the trial court erred in revoking or denying [Petitioner's] bail pending sentencing without first making a finding that she posed a risk of flight or danger to herself or the community?

[II.] Whether the trial court erred in revoking or denying [Petitioner's] bail pending sentencing when there was no evidence sufficient to establish that either (1) no one or more conditions of bail would reasonably assure that [Petitioner] would appear and comply with the conditions of her bail bond or (2) that [Petitioner] poses a danger to any other person or to the community or to herself?

---

[1] The remaining homicide and REAP charges were withdrawn.

[2] Rule 1610 provides in relevant part, "Where the trial court enters an order under Pa.R.A.P. 1762(b) granting or denying release or modifying the conditions of release before sentence, a party may seek review of that order by filing a petition for specialized review in the appellate court that would have jurisdiction over the appeal from the judgment of sentence." Pa.R.A.P. 1610.

Petition for Specialized Review, 9/17/24, at 4-5. Petitioner also filed an "Emergency Application for Bail or Expedited Review" on September 17, 2024, reiterating her arguments that bail is warranted and asking this Court to expedite review of the trial court's denial of bail.

On September 18, 2024, this Court issued an order directing the trial court to file a Pa.R.A.P. 1762(e) statement by October 2, 2024, and for the Commonwealth to file a response within 14 days of the trial court's statement. This Court received the trial court's statement of reasons on October 1, 2024, and the Commonwealth's response on October 2, 2024.

At the outset, we observe that, in light of our Supreme Court's decision in ***In the Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024), wherein the Court held that this Court "lacks the discretion to decide whether to grant or deny these petitions for specialized review," review of the merits of the instant Petition is now mandatory. ***Id.*** at 1101. Although ***N.E.M.*** addressed Rule 1612 petitions for specialized review relating to juvenile out-of-home placement, its rationale is equally applicable to Rule 1610 petitions for specialized review of bail. The Court explained that, unlike Chapter 13 of our Rules of Appellate Procedure, which governs interlocutory appeals by permission, Chapter 16 evidences a "mandatory nature" regarding petitions for specialized review and provides a "procedure for appellate review of certain discrete issues." ***Id.*** at 1099 (citation omitted). The Court further explained that Rule 1601 "controls how appellate review will be afforded, not how a party can seek permission to appeal." ***Id.***

- 4 -

Thus, we would normally turn to the merits of the instant Petition. However, as highlighted *supra*, Petitioner's sentencing was scheduled to be conducted on December 16, 2024. This Court was unable to issue a decision on the Petition before that date, and the public docket sheet indicates that Petitioner was, in fact, sentenced on December 16, 2024, to a term of 48 to 96 months' incarceration, followed by 10 years' probation. As this Court cannot now afford the Petitioner the relief she requests of granting her bail, her appeal is moot.

> An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law[.] In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue[,] the court cannot enter an order that has any legal force or effect.
>
> * * *
>
> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*In re R.D*., 44 A.3d 657, 680 (Pa. Super. 2012) (cleaned up).

Upon review of the instant Petition, we conclude that none of the above exceptions applies. The circumstances that led to the filing of the Petition are exclusive to the facts pertaining to Petitioner; thus, it does not involve a question of great public importance, nor one that is capable of repetition. Additionally, we find that Petitioner will not be subject to detriment, as she

has now been sentenced to a term of incarceration, and her release on bail is no longer possible.

In any event, even if the Petition were not moot, we would not disturb the court's order denying bail. Generally, this Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. **See Commonwealth v. Bishop**, 829 A.2d 1170, 1172 (Pa. Super. 2003). Moreover, this Court's scope of review from the denial of bail is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party. **Commonwealth v. Talley**, 265 A.3d 485, 527 (Pa. 2021). This Court will affirm the trial court's denial of bail "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." **Id.**

Article I, Section 14 of the Pennsylvania Constitution addresses the right to bail, with certain exceptions, providing, in pertinent part:[3]

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence

---

[3] The fundamental purpose of bail is to ensure the accused's presence at trial. **Talley**, 265 A.3d at 515 n.18; **see** Pa.R.Crim.P. 103 (defining bail as "the security or other guarantee required and given for the release of a person, conditioned upon a written undertaking, in the form of a bail bond, that the person will appear when required and comply with all conditions set forth in the bail bond").

is life imprisonment or **unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great[.]**

Pa. Const. art. I, § 14 (emphasis added).

Rule 520 of the Pennsylvania Rules of Criminal Procedure provides that "[b]ail before verdict shall be set in all cases as permitted by law. Whenever bail is refused, the bail authority shall state in writing or on the record the reasons for that determination." Pa.R.Crim.P. 520(A). Additionally, Rule 521 states:

> (a) The defendant shall have the same right to bail after verdict and before the imposition of sentence as the defendant had before verdict when the aggregate of possible sentences to imprisonment on all outstanding verdicts against the defendant within the same judicial district cannot exceed 3 years.
>
> (b) Except as provided in paragraph (A)(1), when the aggregate of possible sentences to imprisonment on all outstanding verdicts against the defendant within the same judicial district can exceed 3 years, the defendant shall have the same right to bail as before verdict unless the judge makes a finding:
>
> > (i) that no one or more conditions of bail will reasonably ensure that the defendant will appear and comply with the conditions of the bail bond; or
> >
> > (ii) that the defendant poses a danger to any other person or to the community or to himself or herself.
>
> The judge may revoke or refuse to set bail based upon such a finding.

Pa.R.Crim.P. 521(A)(2).

In *Talley*, our Supreme Court conducted a thorough analysis of a defendant's right to bail pursuant to Article I, Section 14 of the Pennsylvania Constitution. The Court concluded:

- 7 -

[A] trial court may deny bail under Article I, Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: (1) committed a capital offense, (2) committed an offense that carries a maximum sentence of life imprisonment, or (3) presents a danger to any person and the community, which cannot be abated using any available bail conditions. That determination requires a qualitative assessment of the Commonwealth's case.

*Talley*, 265 A.3d at 525-26. The Court provided a non-exhaustive list of factors a trial court should consider in determining whether to grant or deny bail, which include: (1) the defendant's character; (2) relevant behavioral history or past patterns of conduct; (3) the gravity of the charged offense; (4) the conditions of bail reasonably available to the court; and (5) any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community.[4] *Id*. at 525. Thus, according to the Court, "[i]f the balance of the evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of

---

[4] These factors either largely mirror or overlap with factors set forth in Pa.R.Crim.P. 523(A), relating to release criteria. The Rule 523(A) factors include: (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty; (2) the defendant's employment status and history, and financial condition; (3) the nature of the defendant's family relationships; (4) the length and nature of the defendant's residence in the community, and any past residences; (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs; (6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond; (7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape; (8) the defendant's prior criminal record; (9) any use of false identification; and (10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

credibility, it simply is not evident proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." *Id.* at 526.

With the foregoing standards in mind, we address Petitioner's claims. Petitioner argues that the trial court erred in revoking or denying bail pending sentencing without first making a finding that she posed a risk of flight, or presents a danger to herself or the community. She claims that she is not a flight risk because at the time the petition for specialized review was filed, she was pregnant with a due date of September 22, 2024, and was receiving prenatal care. Petitioner avers that she has strong ties to the local community, including her surviving children and mother, and has no record of flight or failure to appear in court. Additionally, Petitioner insists that she is also not a danger to herself or the community, stressing that she is undergoing addiction treatment and has not failed any of the drug screens administered through her treatment. She also notes that she does not have any serious criminal history and did not plead guilty to any crimes involving a "*mens rea* of intent." Petition for Specialized Review at 7.

Based upon our review of the record, we would conclude that the trial court considered multiple factors consistent with **Talley** and did not abuse its discretion in denying bail. The court explained that it considered less restrictive conditions pending sentencing and rejected the same for the following reasons:

> a. The serious nature of the charges;
> b. The strength of the Commonwealth['s] case;

c. [Petitioner's] admission of guilt;

d. The potential penalties that attach, which include state length sentences on two of the three charges;

e. The fact that it is substantially more likely than not that [Petitioner] will harm another member of the community, as evidenced by her new arrest while on bond for the instant case, the circumstances of which demonstrate the dangers of her continued addiction and the lethal threat she poses to the community;

f. That electronic home monitoring is nothing more than an alert that [Petitioner] is presumptively not at the assigned location[,] and it does not in fact restrict the movement of [Petitioner] if [Petitioner] chooses not to abide by its use. The [c]ourt has no confidence that [Petitioner] would abide by the restrictions of electronic home monitoring, nor restrict herself from the use of heroin and/or fentanyl.

TCO at 3-4 (unnumbered).

Given the circumstances before us, we would discern no abuse of discretion, legal error, or unreasonableness in the trial court's decision to deny Petitioner bail pending her sentencing hearing. It is apparent that the court concluded Petitioner presents a risk to herself and/or the community due to her addiction issues, as evidenced by her prior actions while on bond. Accordingly, in light of the foregoing, and pursuant to **N.E.M.'s** mandate to consider petitions for specialized review on their merits, we would affirm the trial court's September 17, 2024 order, even if the Petition were not moot.

Petition dismissed as moot. Emergency Application for Bail or Expedited Review dismissed as moot.

Judge Lane joins this memorandum.

Judge Sullivan concurs in the result.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/27/2025