J-M03001-26

2026 PA Super 125

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| CHRISTOPHER YOUNGER | : | |
| Petitioner | : | No. 28 WDM 2026 |

Appeal from the Order Entered March 10, 2026
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003502-2024,
CP-02-CR-0003594-2025

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| CHRISTOPHER YOUNGER | : | |
| Petitioner | : | No. 58 WDM 2026 |

Appeal from the   ,
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003502-2024,
CP-02-CR-0003594-2025

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY PANELLA, P.J.E.:                    **FILED: June 16, 2026**

---

[*] Retired Senior Judge assigned to the Superior Court.

At docket number 28 WDM 2026, Petitioner, Christopher Younger, filed a *pro se*[1] "Petition for Specialized Review of Bail Order" ("Petition"), seeking review of the March 10, 2026 order ("Order") of the Court of Common Pleas of Allegheny County ("trial court"), which denied Petitioner's Motion to Set Bail at two trial court docket numbers.[2] On April 14, 2026, Petitioner filed a *pro se* "Amend (sic) Petition for Specialized Review of Bail Order," which appears to only contain additional attachments.[3] **See** Pa.R.A.P. 1610 (providing for review of an order granting or denying release or modifying the conditions of release before sentence through a petition for specialized review); Pa.R.A.P. 1762(b) (explaining that an order relating to bail when no appeal is pending

_____

[1] Petitioner has privately retained standby counsel, Dorothea Hall, Esquire. On May 8, 2026, the trial court indicated that it conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), on April 28, 2026, and determined that Petitioner's waiver of counsel of knowing, intelligent, and voluntary. On April 8, 2026, Attorney Hall filed a second Petition for Specialized Review of Bail Order on Petitioner's behalf, reiterating his claims. On April 15, 2026, this Court entered an order directing the trial court to clarify Petitioner's representation status. The Order further indicated that, in the event counsel is acting in a standby capacity, this Court will consider only the filings of *pro se* Petitioner. On April 29, 2026, Attorney Hall filed a response with this Court, attaching a fee agreement, confirming her status as private standby counsel.

[2] CP-02-CR-0003502-2024 and CP-02-CR-0003594-2025.

[3] On April 15, 2026, this Court entered an Order directing the trial court to file a statement of reasons pursuant to Pa.R.A.P. 1762(e) (providing the judge who made the bail determination shall forthwith file of record a brief statement of the reasons for the determination or where in the record such reasons may be found). In response, on April 16, 2026, this Court received from the trial court the March 10, 2026 bail hearing transcripts. The trial court's response and the March 10, 2026 bail order and hearing transcripts were filed again with this Court on May 8, 2026.

shall be subject to review pursuant to Chapter 16 of the Rules of Appellate Procedure); *Commonwealth v. Miller*, 319 A.3d 575 (Pa. Super. 2024) (applying to petitions for specialized review of bail filed under Pa.R.A.P. 1610 the rationale in *Interest of N.E.M.*, 311 A.3d 1088 (Pa. 2024), which held that review of a petition for specialized review involving a juvenile out-of-home placement order is mandatory in that this Court lacks discretion to decide whether to review the petition). Additionally, at docket number 58 WDM 2026, Petitioner filed a *pro se* "Emergency Application for Immediate Consideration and Extraordinary Relief Pursuant to Pa.R.A.P. 123 and Pa.R.A.P. 1701," seeking multiple forms of relief from this Court. After careful independent review, we affirm the trial court's March 10, 2026 Order and deny the application.

Petitioner is charged with the following five offenses in Allegheny County at docket number CP-02-CR-0003502-2024: Manufacture, Delivery, or Possession With Intent to Manufacture of Deliver Controlled or Counterfeit Substance, Intentional Possession of a Controlled Substance by Person Not Registered, Manufacture of Controlled Substance Adulterated or Misbranded, Conspiracy- Manufacture, Delivery or Possession With Intent to Manufacture or Deliver, and Adulterating or Misbranding of Any Controlled Substance. Bail was originally denied at arraignment, and on May 22, 2024, was modified to non-monetary with pre-trial electronic monitoring. On June 11, 2024, following the Commonwealth's motion for modification of bail, bail was

modified to in-person reporting. On April 7, 2025, a bench warrant was issued, apparently for Peitioner's failure to appear at a status conference. On March 10, 2026, the bench warrant was lifted, and the trial court entered the order denying Petitioner's motion to set bail which underlies the instant Petition for Review.

At docket number CP-02-CR-3594-2025, Petitioner is charged with twenty offenses, including one count each of Corrupt Organizations and Conspiracy—Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, eleven counts of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, and seven counts of Intentional Possession of a Controlled Substance By Person Not Registered. On January 15, 2025, unsecured bail was set. On July 1, 2025, an order was entered granting motion to revoke/release and forfeit bail, bail was revoked, and a bench warrant was issued. On March 10, 2026, following a bail hearing, the trial court entered the order denying bail which underlies the instant Petition for Review.

This Court reviews bail orders for an abuse of discretion, reversing only where the trial court misapplies the law, its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. **See Commonwealth v. Bishop**, 829 A.2d 1170, 1172 (Pa. Super. 2003). Moreover, this Court's scope of review is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party.

*See Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021). This Court will affirm the trial court's order "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct." *Id.*

The right to bail, with certain exceptions, is enshrined in the Pennsylvania Constitution, Article I, Section 14, which provides in pertinent part:

> All prisoners shall be bailable by sufficient sureties, unless for capital offenses or for offenses for which the maximum sentence is life imprisonment or unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great[.]

PA. CONST. art. I, § 14.

In *Talley*, the Pennsylvania Supreme Court conducted a thorough analysis of a defendant's right to bail pursuant to Article I, Section 14 of the Pennsylvania Constitution, concluding as follows:

> [A] trial court may deny bail under Article I[,] Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused: (1) committed a capital offense, (2) committed an offense that carries a maximum sentence of life imprisonment, or (3) presents a danger to any person and the community, which cannot be abated using any available bail conditions. That determination requires a qualitative assessment of the Commonwealth's case.

*Talley*, 265 A.3d at 525-26. The Court provided a non-exhaustive list of factors a trial court should consider in denying bail, including: (1) the defendant's character, (2) relevant behavioral history or past patterns of

- 5 -

conduct, (3) the gravity of the charged offense, (4) the conditions of bail reasonably available to the court, and (5) any evidence that tends to show that those conditions would be inadequate to ensure the protection of any person or the community.[4] *See id*. at 525. Thus, according to the Court, "[i]f the balance of the evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of credibility, it simply is not evident proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." *Id.* at 526.

In the instant Petition, Petitioner claims that the trial court abused its discretion when it "denied bail, expressly stating it could not evaluate the nature of the offense or likelihood of conviction, and concluding that no condition of bail was reasonably available." *Petition*, at 1. Petitioner argues that the trial court abused its discretion "by denying bail while expressly

---

[4] These factors either largely mirror or overlap with factors set forth in Pa.R.Crim.P. 523(A), relating to release criteria. The Rule 523(A) factors include: (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty; (2) the defendant's employment status and history, and financial condition; (3) the nature of the defendant's family relationships; (4) the length and nature of the defendant's residence in the community, and any past residences; (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs; (6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond; (7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape; (8) the defendant's prior criminal record; (9) any use of false identification; and (10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

acknowledging that it could not evaluate essential bail factors, by preventing the defendant from presenting evidence on the record, and by issuing conclusory findings unsupported by a reasoned analysis of available bail conditions. *See id*. Petitioner attempts to refute the Commonwealth's assertion at the bail hearing that Petitioner was a fugitive from justice for approximately one year and its lack of faith that Petitioner would appear in court, claiming no testimony or exhibits were offered in support. Petitioner avers that the Commonwealth's "lack of faith in Petitioner's appearance is not a factor enumerated in Pa.R.Crim.P. 523(a)," and the trial court was required to independently assess whether conditions could reasonably assure appearance. *Id*. at 2. Petitioner claims the transcripts reflect that he "attempted to respond to the 'fugitive' allegation, explaining that his case was under appellate jurisdiction and that he was residing openly at his home, but was not curtailed during the court's findings." *Id*. Petitioner claims he was denied meaningful opportunity to respond or to put the Commonwealth's allegation in context. Petitioner requests that this Court vacate the March 10, 2026 bail order and remand with instructions to set reasonable bail and conditions of release, or, in the alternative, to conduct a new bail hearing permitting Petitioner to present evidence and requiring findings sufficient for appellate review. *Id*. Petitioner is due no relief.

On March 10, 2026, the court held a hearing on Petitioner's Motion to Set Bail.[5] At the hearing, in addition to Petitioner, Erin Spicuzzi testified on behalf of Pre-trial Services, and Nicole Ehrheart, Esq., Assistant District Attorney, testified for the Commonwealth.

Ms. Spicuzzi recounted the charges and testified regarding the history of Petitioner's cases. Regarding CR 3502 of 2024, she noted that bail was originally denied at arraignment, and was modified on May 22, 2024, to non-monetary with pre-trial electronic monitoring and a Behavior Clinic evaluation by the judge in Motions Court. Petitioner was deemed competent on May 24, 2024, and was banded and released on May 29, 2024. Judge Borkowski then addressed bond on June 11, 2024, and modified bond to non-monetary, report in person, to remain free from criminal activity and to abide by state laws. **See** N.T. Bail Hearing, 3/10/26, at 3-4. Ms. Spicuzzi noted that Petitioner did report to their office, off and on, but failed to appear for a status hearing before Judge Satler on April 7, 2025, forfeiting the non-monetary bond. **See id.** at 4.

Regarding CR 3594 of 2025, Petitioner missed a preliminary hearing on May 8, 2025, forfeiting a $50,000 unsecured bond. Ms. Spicuzzi stated that Petitioner is lodged on an Indiana County hold for a missed court date for a

_____

[5] While David O'Bara, Esquire, Public Defender was present at the hearing, and spoke to Petitioner about the hearing, he was not designated standby counsel and Petitioner proceeded *pro se*.

third pending case in which he's charged with corrupt organization, dealing in the proceeds of illegal activity, manufacture, criminal use of a communication facility, and unlawful use of a computer *See id*. at 4-5. Ultimately, Ms. Spicuzzi testified that "[h]e is a no release recommendation," noting that although he provided a local address, they were unable to contact the personal reference he provided. *Id*. She further noted Petitioner has thirty prior arrests, four past forfeitures, five misdemeanor convictions, and a total of three pending cases. *See id.*

Assistant District Attorney Ehrheart adopted Pre-trial Services' Recommendation of no release, noting the history of the cases, that Petitioner had been a fugitive from justice for approximately a year, and asserting lack of faith that Petitioner would appear for court. *See id.* at 5. Mr. O'Bara, Public Defender, who was present at the hearing but did not enter his appearance, indicated that he had nothing to add, stating his belief that Petitioner understood that the nature of the hearing was a bail hearing. *See id*. at 6.

Petitioner then testified, first challenging the prosecutor's characterization of him as a fugitive, asserting his belief that, pursuant to Pa.R.A.P. 1701, because he had an (interlocutory) appeal pending,[6] he could not be a fugitive from justice. *See id.* at 6-7. Petitioner argued that he is entitled to bail under the Fourteenth Amendment and *Talley*, and that less

---

[6] *See Commonwealth v. Younger,* 295 WDA 2025.

restrictive means should have been considered. When Petitioner attempted to argue a Rule 600 violation and asked about the possibility of a plea, ADA Ehrheart objected to both. ***See id***. at 8-9. The Court then asked Petitioner, "What else did you want to tell me for the bail factors?" ***Id***. at 9. Petitioner again raised the possibility of a plea and the Court responded: "It sounds like we're concluded with bail factors." ***Id***. at 10. Despite Petitioner's repeated attempts to raise the plea issue, the Court returned to the bail issue, inquiring: "So what else did you want to tell me about bail today?" ***Id***. Petitioner reiterated his constitutional right under the Fourteenth Amendment, and argued he is not a flight risk or a danger to the community and for less restrictive means other than incarceration. Petitioner indicated he would appeal the determination because he believed there were no legal reasons given for his denial of bail. ***See id***. at 12.

The trial court indicated it understood Petitioner's position and set forth its reasons on the record for denying bail, having considered the position of Pre-Trial Services, Defendant, Ms. Ehrheart, and reviewing bail at both trial court dockets:

> [A]t 3502 of '24, bail was originally denied at arraignment. There were two reviews of it [in] Motions Court in the Court of Common Pleas. In May of 2024, the Defendant's bail was nonmonetary with pre-trial electronic monitoring and a Behavior Clinic evaluation set by Judge Howsie. In June of 2024, Judge Borkoski modified it to nonmonetary and report in person. [On] April 7, 2025, Defendant failed to appear. Pre-Trial Services' recommendation remains no release, and no release at 3594 of 2025, wherein Defendant is charged with eleven felonies and seven misdemeanors and other miscellaneous charges, and also has a hold in Indiana County.

Considering the factors in Pennsylvania's Rule of Criminal Procedure 523(a), I can make no finding relating to the nature of the offense and any factors which might bear upon likelihood of conviction and possible penalty, as no facts have been heard yet in this case due to Defendant's failure to appear.

The Defendant representing himself, with Mr. Obara sitting at counsel table, has not offered any factors or any testimony relating to his employment status, history, or financial condition. … [Defendant] offered no evidence relating to his family relationships and his length or the nature of his residence in the community and past residences. He has offered no testimony related to his age, character, reputation, mental [] condition, or drug and alcohol addiction status.

Pre-trial Services states a history of four prior bond forfeitures; his record, which includes two felony and five misdemeanor convictions. Additionally, there is a 2012 fleeing and [eluding] conviction, which is relative to the 523(a) factors. That's also incorporated when I reviewed his criminal history. … As to all other relevant factors of whether Defendant will appear and comply with conditions of bail, I've also considered the factors in **Commonwealth v. Talley**, many of which are duplicative of the 523(a) factors, but also include his relevant behavioral history and past patterns of conduct, which include multiple failures to appear or violations of his bond conditions or bond forfeiture.

I find there is no condition of bail reasonably available to this Court … to show that he will appear for court. To ensure the protection of any person … I have considered the electronic home monitoring, but I reject that alternative, as it is an alert system and will not— (talking over each other) … I don't find any change in circumstances which would lead me to do anything other than deny bond. Bond is denied."

N.T. Bail Hearing, at 12-16.

Petitioner attempted to interrupt and interject more argument for bail while the trial court was setting forth its reasons on the record, later claiming that he was not given a full and fair chance to present his arguments, despite

the Court's attempting to elicit same from Petitioner throughout the proceedings. *See id*.; *Petition* at 1-2.

Based on the foregoing, we are satisfied that the trial court set forth reasons in accordance with *Talley* and Pa.R.Crim.P. 523(a) for denying Petitioner's motion to set bail, including, *inter alia*, the seriousness of the offenses, Petitioner's history of failure to appear and non-compliance with conditions of bail, fugitive status, active bench warrant in Indiana County, and insufficient means to assure Petitioner's appearance in court or the protection of persons. The trial court found no change in circumstances that would warrant the grant of Petitioner's motion for bail.

The record supports the court's findings. Accordingly, we find no abuse of discretion in the trial court's decision, and no relief is due.

Furthermore, upon consideration of the "Emergency Application for Immediate Consideration and Extraordinary Relief Pursuant to Pa.R.A.P. 123 and Pa.R.A.P. 1701," filed *pro se* by Petitioner on May 29, 2026 and docketed at No. 58 WDM 2026, wherein Petitioner requests that this Court review a number of interlocutory trial court orders, stay the ongoing proceedings at both trial court dockets in the trial court, and direct the trial court on how to move forward with the instant cases, and in light of the fact that both trial court dockets indicate that Appellant has not yet been sentenced in the underlying matters, the application is **DENIED**. *See* Pa.R.A.P. 341(b) (stating that a final order is any order that disposes of all claims and all parties) and

- 12 -

***Commonwealth v. Scott***, 578 A.2d 933, 941 (Pa. Super. 1990) ("[T]he general rule in criminal cases is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will quashed.").

Order affirmed. Application denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/16/2026